EMANUEL WOLFE *v.* WILLIAM G. STEPHENS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—122.]

**Process of Courts Where Returnable.**

> By statute original process of the circuit, chancery or quarterly court may be returnable either at Covington or Independence, when the defendant directs its return at the one place or the other and when such direction is given it must be followed.

APPEAL FROM KENTON CHANCERY COURT.

June 15, 1880.

OPINION BY JUDGE PRYOR:

Although the act approved in February, 1860, applies to ordinary matters, the act of February 27, 1876, makes the original process of the circuit, chancery or quarterly court returnable at Covington or Independence, when the defendant elects to have it returned at the one place or the other. This election may be by a verbal direction, and when made it is the duty of the sheriff or officer having the process to make the return as directed by the defendant. The law only applies to defendants living outside of the city of Covington, and by the act of March 19, 1878, the party must live not only outside the city, but outside the first magisterial district. The act approved in 1860 is in effect repealed by the act of 1876, or its provisions enlarged. In this case the direction was given, as the record shows, and the consolidated causes should have been transferred to Independence. There is no escape from the conclusion reached, even if the act of March 19, 1878, has no definite meaning. This would leave the act of 1876 in full force.

Judgment *reversed* and cause remanded with directions to entertain the motion to transfer.

·*R. D. Handy,* for appellant.   *Eginton & Gray,* for appellees.

[Cited, *Brevard v. Stephens,* 2 Ky. L. 227.]