EWELL TYE *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—59.]

**Criminal Law—Jeopardy.**

A defendant is not in legal jeopardy at the time the court, upon motion of the state, quashed the indictment and resubmitted the charge to the grand jury, because no part of the jury had been empannelled, which must precede the reading of the indictment and statement of the defendant's plea.

**Impeachment.**

A witness sought to be contradicted should first be examined concerning the matters sought to be proven.

APPEAL FROM WHITLEY CIRCUIT COURT.

June 21, 1881.

OPINION BY JUDGE HARGIS:

The appellant was not in legal jeopardy at the time the court, upon motion of the commonwealth's attorney, quashed the indictment and resubmitted the charge to the grand jury, because no part of the jury had been empannelled, which must precede the reading of the indictment and statement of the defendant's plea. Buckner & Bullitt's Crim. Code (1876), §§ 217-219.

The evidence offered to be introduced by the accused was competent and relevant to the issue, but the witness whom he sought to contradict by it should have been examined concerning the matters sought to be proven. Buckner & Bullitt's Civ. Code (1876), § 598. The examining trial and the evidence given

at it did not constitute any part of the res gestae, nor did statements made several days after the alleged commission of the offense compose any part of the occurrence; therefore the evidence excluded was not substantial evidence.

It was proper to allow the commonwealth to prove the number of attempts by the defendant for the purpose of establishing the alleged identity of the accused, and the court so restricted the evidence. We are therefore of the opinion that no error was committed to the appellant's prejudice. Whether the evidence was sufficient to establish the appellant's guilt belongs to the province of the jury, and as it tends, at least to a considerable degree, to identify him as the perpetrator of the offense, we can not for that, as well as other reasons disturb the verdict.

Judgment *affirmed.*

C. W. Lester, for appellant.

P. W. Hardin, for appellee.

[Cited, *O'Brien v. Commonwealth,* 115 Ky. 608, 24 Ky. L. 2511, 74 S. W. 666; *Bennett v. Commonwealth,* 133 Ky. 452, 118 S. W. 332.]