CASE 42.—PROSECUTION AGAINST WILLIAM BENNETT AND ANOTHER FOR DEFACING BRANDED RAILROAD TIES.—April 21, 1909.

## Bennett, &c. v. Commonwealth

Appeal from Lee Circuit Court.

J. P. ADAMS, Circuit Judge.

Defendants convicted and appeal—Affirmed.

1. Indictment and Information—Defacing Brands—Language of Statute.—An indictment for defacing the brand from railroad ties substantially following the language of St. 1909, Sec. 1409, subsec. 11 (Russell's St. Sec. 5867), which specifically defines the crime and the manner in which it may be committed, and in addition charging that defendants fraudulently and feloniously committed the acts violative of the statute, is sufficient.

Bennett, &c. v. Commonwealth.

2. Logs and Logging—Defacing Brand—Adoption and Recording —Evidence.—The State, on a prosecution for defacing, in violation of St. 1909, Sec. 1409, subsec. 11, from railroad ties, a brand of a certain company, recorded, as required by the act, in the office of the clerk of the county, is properly allowed to introduce and identify by a deputy county clerk the record containing the writing and accompanying certificates whereby the company adopted the brand.

3. Logs and Logging—Brands—Adoption.—Under St. 1909, Sec. 1409, subsec. 7 (Russell's St. Sec. 5863), providing that a timber dealer may adopt a brand by executing and recording a certain writing, the paper may be executed by the manager of a timber dealing company; the statute not saying what officer shall execute it.

4. Criminal Law—Evidence—Other Crimes.—Defendants having as part of the same transaction sawed brands from railroad ties, part of which were the brand of the O. Company and part another brand, the entire transaction may be given in evidence on a prosecution for defacing the brand of the O. Company, though it shows another crime.

5. Logs and Logging—Obliterating Brand—"Cut Out, Cancel, Obliterate or Deface."—Sawing off the end of a railroad tie containing the owner's brand is within St. 1909, Sec. 1409, subsec. 11 (Russell's St. Sec. 5867), making it a crime to "cut out, cancel, obliterate or deface" the brand.

6. Criminal Law—Peremptory Instruction.—The court may not give a peremptory instruction to acquit if there is any evidence, however slight, conducing to show defendant guilty of the offense charged.

J. B. WHITE for appellants.

JAMES BREATHITT, Attorney General, and TOM. B. Mc-GREGOR, Assistant Attorney General, for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The appellants, William Bennett and Jeff Angel, were indicted, tried, and convicted in the Lee Circuit Court and their puinshment fixed at confinement in the penitentiary one year each, for the crime of defacing branded railroad ties in violation of subsection 11 of Section 1409, Ky. St. Failing to obtain a new trial in the court below, they prosecute this appeal.

Subsection 11 of Section 1409, Ky. St. (Russell's St. Sec. 5867), reads as follows: "Any person or per-

sons who shall unlawfuly cut out, cancel, obliterate
or deface any brand recorded as provided by this act,
which shall have been placed upon the standing tim-
ber, saw log, or other log tree prepared for the pur-
pose of sale, or any cross or railroad tie, stave, head-
ing or other timber prepared for market, of another
of this Commonwealth, shall be deemed guilty of
felony, and upon conviction thereof shall be, for each
offense, confined in the penitentiary of this State, not
less than one nor more than three years." Subsec-
tion 7 of Section 1409 (Russell's St. Sec. 5863), pro-
vides: "Every such dealer desiring to adopt a brand
may do so by the execution of a writing in form and
effect as follows:  Brand—Notice is hereby given
that I (or we as the case may be) have adopted the
following brand in my (or our, etc.) business as tim-
ber dealer or dealers, to-wit (here insert the words,
letters, figures, etc., constituting the brand, or if it
be any device other than the words, letters, or fig-
ures, insert the fac simile thereof).  Dated this ——
day of —— A. D. ——.  The said writing shall
be acknowledged or proved for record in the same
manner as deeds are acknowledged or proved and
shall be recorded in the office of the clerk of the county
in which the principal office or place of business of
such timber dealer may be.  A copy thereof shall be
posted up at the place where the principal business
is done, and one at the court house door in the county
where the business is carried on and at three public
places in the county."

The railroad ties, the brands upon which the in-
dictment charges appellants with defacing, belonged,
as therein alleged, and as the evidence showed, to the
Ohio Valley Tie Company, a corporation doing busi-
ness in this State.  According to the evidence the

corporation's brand consisted of the letter W and a yellow spot about an inch in diameter. These it places on the end of each of its railroad ties the W being made with a heated branding iron, and the spot with a brush dipped in yellow paint. According to the evidence this brand had been duly adopted by the Ohio Valley Tie Company by the execution of a writing in form and effect as provided by subsection 7 of Section 1409, Ky. St., which writing was signed and acknowledged by the manager of the corporation in his official capacity and soon thereafter duly recorded in the office of the clerk of the Lee county court, where the principal office and place of business of the corporation seems to be; copies thereof being posted up in the manner and at the several public places in Lee county required by the statute.

The evidence as to appellants' guilt of the crime charged was furnished by four witnesses introduced for the Commonwealth, Isaacs, Perkins, Sternberg, and Easter, who testified, in substance: That a lot of ties owned by the Ohio Valley Tie Company and each branded with the letter W and a yellow spot, were in August and September, 1908, lying on the bank of the North fork, near the mouth of the Middle fork, of Kentucky river in Lee county; that they saw appellants engaged in the work of defacing and destroying the brands on the ties by sawing off the ends of the ties containing them and throwing them into a nearby thicket, where they were concealed; that they called to appellants and asked what they were doing, to which they replied that they were sawing off ties, but did not explain why they were doing so. The same witnesses further testified that at the same time appellants in their presence sawed off the ends of some ties containing as a brand a horseshoe and the

figure 7. The witnesses also identified and exhibited to the jury certain blocks containing the brand of the Ohio Valley Tie Company and that of the horseshoe and figure 7, as a part of the same they had seen appellants saw from the ties on the occasion referred to.

Appellants' first complaint is that the trial court erred in overruling their demurrer to the indictment. In response to this complaint it is only necessary to say that the indictment substantially follows the language of the statute, and, in addition, charged that appellants fraudulently and feloniously committed the acts violative of the statute, and, as the latter specifically defines the crime charged and the manner in which it may be committed, no better form of indictment could have been adopted than that used in this case. Therefore in overruling the demurrer the court committed no error.

Appellants also complain of the ruling of the circuit court in allowing the Commonwealth to introduce, and identify by a deputy county clerk of Lee county, the record containing the writing and accompanying certificates, whereby the Ohio Valley Tie Company adopted the brand for its railroad ties. The ruling in question was proper. The only competent manner of showing the corporation's adoption of a brand for its ties was by the introduction and identification of the record thereof by its legal custodian, the county clerk or his deputy, or by the introduction of a copy attested by the clerk or his deputy. The record produced by the county clerk showed that the brand used by the Ohio Valley Tie Company for marking its ties had been adopted in the manner required by the statute, and therefore the trial court could have had no doubt of the competency of the record.

There is no force in appellants' claim that the man-ager of the Ohio Valley Tie .Company was without authority to execute the writing by which its tie brand was adopted. The statute does not say what officer of the company shall execute the paper. Therefore it was proper for the manager to do it.

Equally unsubstantial is the objection urged by ap-pellants to the proof made by the Commonwealth of the posting up by the Ohio Valley Tie Company of copies of the recorded writing by which its brand was adopted. In no other way could such proof have been made, and no error was committed by the court in admitting it.

It was not, as claimed by appellants, improper or prejudicial to them for the court to allow the wit-nesses for the Commonwealth, who discovered ap-pellants sawing brands from the ties of the Ohio Val-ley Tie Company, to testify that appellants at the same time and place sawed brands other than that of the Ohio Valley Tie Company from other ties. The entire sawing and destruction of brands was one and the same transaction, or a series of acts constituting one transaction. Therefore the whole was properly allowed to be proved. In Bishop's New Criminal Pro-cedure, vol. 1, Sec. 1225, under the title, "Whole Transaction," the competency of such evidence is recognized in the following statement: "As ex-plained under the doctrine of res gestae, wherever a part of a transaction appears in evidence, the rest is thereby made admissible. So that the entire trans-action, wherein it is claimed the wrong in issue was done may be shown, though it includes also other crimes, and even though each transaction was a con-tinuing one, or transpiring in parts on different

days." Greenleaf on Evidence, vol. 1, Sec. 53, and volume 3, Sec. 15; Tye v. Commonwealth, 3 Ky. Law Rep. 59; Thomas v. Commonwealth, 1 Ky. Law Rep. 122; O'Brien v. Commonwealth, 115 Ky. 608, 74 S. W. 666, 24 R. 2511.

It is insisted for appellants that their motion for a peremptory instruction made at the conclusion of the Commonwealth's evidence should have been sustained by the court. We are at a loss to know upon what this contention rests. It will not do to say that the sawing off of the end of a tie containing the owner's brand does not, as argued by appellant's counsel, "cut out, cancel, obliterate, or deface" the brand in the meaning of the statute, for the sawing off of the end of the tie containing the brand and concealing the detached piece is manifestly a destruction or complete "obliteration" of the brand. The evidence seems conclusive of the appellants' guilt; but if this were not true, and there were but slight evidence of their guilt, that state of case would not have justified a peremptory instruction compelling the jury to acquit them. No better statement of our meaning as to the matter can be made than is expressed in the following utterance of this court, found in Commonwealth v. Murphy, 109 S. W. 353: · "It is not within the province of the trial court to take from the jury a criminal prosecution if there is any evidence, however slight it may be, conducing to show that the defendant is guilty of the offense charged, or any of its degrees mentioned in the Code. This rule of practice is not found directly in either the Code or the statutes, but is firmly established as a part of the criminal jurisprudence of the State, and is uniformly applied by this court in considering appeals in criminal cases when a reversal is asked because the ver-

dict is flagrantly against the evidence, or is not supported by sufficient evidence, and should control the lower courts in the disposition of criminal cases."

The objections urged by appellants' counsel to the instructions caused us to consider them with even more than ordinary care. We have not, however, been convinced that they are in any respect incorrect. On the contrary, they fairly and fully present the law as it should have been given for the guidance of the jury. The record as a whole shows that no error was committed to appellants' prejudice.

Wherefore the judgment is affirmed.