## Kennedy and Wigginton v. Commonwealth.

(Decided April 21, 1922.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Peremptory Instructions.—In a criminal prosecution, a peremptory instruction to find for the accused is not allowable, where there is any evidence, however slight, conducing to show that the defendant is guilty of the offense charged.

2. Criminal Law—Submission to Jury.—Evidence examined and held to be sufficient to authorize the submission of the case to a jury and to support the judgment of conviction.

R. S. DINKLE and E. P. HARRIS for appellants.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Lew Kennedy and Marion Wigginton were jointly indicted and convicted in the Boyd circuit court for unlawfully selling and delivering intoxicating liquor to Claude Webb. Kennedy's punishment was fixed at a fine of $300.00 and sixty days in the county jail and Wigginton was fined $50.00 and sentenced to thirty days in the county jail.

Appealing from that judgment they contend that the court erred in overruling their joint motion for a peremptory instruction, made at the conclusion of the Commonwealth's evidence, and also that the verdict was reached as the result of passion and prejudice and is contrary to the law and evidence.

Kennedy was the owner of a soft drink stand at Catlettsburg and Wigginton was employed by him as a bar tender. The proof for the Commonwealth shows that in the latter part of August or the first of September, 1921, Claude Webb entered Kennedy's place of business and demanded of Wigginton, who was standing behind the counter, some whiskey. In response to the demand appellants delivered to Webb a half pint of what they indicated and what he believed to be whiskey, for which he paid $1.50. While no test of the liquid was made the evidence for the Commonwealth was sufficient to submit to the jury the question of whether it was or was not intoxicating liquor.

For appellants the proof shows that Webb entered Kennedy's place of business, that they were standing behind the counter, that Webb bought a bottle of pop, said he wanted a drink of water and asked for a glass and then went to the rear of the store. Appellants and two other witnesses testified to this defense. All of them said that Webb did not demand or purchase any whiskey at that time.

The motion for a peremptory instruction was properly overruled. The evidence for the Commonwealth tended to prove the commission of the offense charged. The testimony of appellants and of the two other witnesses tended to disprove it. It is well settled in this jurisdiction that a directed verdict is not authorized in a criminal prosecution where there is any evidence, however slight conducing to show that the defendant is guilty of the offense charged. (Gordon v. Commonwealth, 136 Ky. 508; Commonwealth v. Little, 140 Ky. 550.)  Under this rule the

question of the guilt of appellants was for the jury and it was not error to overrule the motion for a peremptory instruction.

Nor can we agree with the contention that the verdict of the jury is against the law or evidence or was reached as the result of passion or prejudice. The substance of the evidence has been stated. The theory of the defense was supported by several witnesses, whereas but one testified for the prosecution. But superiority in the number of witnesses against a finding does not authorize a reversal of the judgment if there is substantial evidence supporting it. It was within the province of the jury to believe the witness for the Commonwealth or the witnesses introduced by appellants. They accepted the statements made by the prosecuting witness. The verdict based on those statements cannot be successfuly attacked on the ground that it is contrary to the law or evidence or that it was the result of passion and prejudice. (Cloninger v. Commonwealth, 191 Ky. 841; Bowling v. Commonwealth, 193 Ky. 647.)

There being no perceivable error in the record and nothing to indicate that appellants were in any respect deprived of an impartial trial, the judgment in each case must be affirmed and it is so ordered.