## Jamerson v. Commonwealth.

(Decided October 1, 1929.)

B. F. DENHAM for appellant.

J. W. CAMMACK, Attorney General, and J. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

The appellant, Walter Jamerson, has again been convicted of manslaughter, he having killed Robert Finley in October, 1926. On his first trial he was sentenced to serve 21 years in prison, but the judgment was reversed because of an erroneous qualification of the self-defense instruction. A full statement of the facts is given in the

former opinion and they need not be repeated. Jamerson v. Commonwealth, 222 Ky. 70, 299 S. W. 1092, 1094. His second trial resulted in the disagreement of the jury. On his third trial he was found guilty and sentenced to serve five years in the penitentiary. He appeals.

When the case was called for trial, the defendant announced ready and a jury was ordered summoned from Allen county. The next day the defendant moved for a continuance on the ground that his chief counsel, Hon. B. F. Denham, had overnight become seriously ill and was unable to participate in the trial. It was stated in the affidavit that Mr. Denham had been in the case from the beginning and was more familiar with the evidence than other counsel and had made preparation to conduct the trial; that other counsel had merely assisted him and did not understand the facts well enough to present defendant's case in such manner as to secure justice for him. There were three other attorneys representing the defendant, but it is claimed that two of them were not sufficiently experienced to conduct the trial, while the other, Hon. V. H. Baird, of Glasgow, had merely assisted on the second trial and knew nothing of the case except as he had been informed by Mr. Denham. This ground for a continuance was not deemed sufficient, and the motion was accordingly overruled.

The Code provision with respect to continuance of criminal trials is that the court may direct a postponement "upon sufficient cause" being shown. Criminal Code Practice, sec. 188. The sufficiency of the cause is to be adjudged by the court in the exercise of a judicial discretion, and that must necessarily depend on the facts and circumstances of each case. Of course, where it appears that the court acted arbitrarily or unreasonably or otherwise abused his discretion, with an unfair trial resulting, this court, under its power of review, will remand the case for another trial. It has often been held that the absence of one or more attorneys representing a defendant is not a sufficient cause for continuance, unless it is clearly made to appear that his presence is indispensable to a fair trial. Mullins v. Commonwealth, 172 Ky. 92, 188 S. W. 1079; Roberson's Criminal Law, sec. 1903. Here the judge was familiar with the ability of the remaining counsel and had observed their participation in the previous two trials. He is an able and experienced jurist, and throughout safeguarded every right of the defendant. His counsel ably presented his

defense, and a consideration of the record shows that the court committed no error and was justified in overruling the motion for a continuance.

Another ground supporting the defendant's motion for a new trial was that he had discovered evidence material to his defense, namely, that Fannie Purdue, the principal witness for the commonwealth, was a woman of bad reputation. Waiving the question as to the manner of presentation, we must hold that this ground is untenable. The witness had been present and testified at the first trial held two years before and also at the second trial. It does not appear why the new evidence could not have been discovered before this trial. It must have been anticipated that the witness would also testify on the trial about to be heard, but there is nothing to show any diligence on the part of the defendant to secure the presence of these newly discovered witnesses or their depositions. Duckwall v. Commonwealth, 204 Ky. 442, 264 S. W. 1062; Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430; Brennon v. Commonwealth, 169 Ky. 815, 185 S. W. 489. It is only in exceptional cases that another trial should be granted where the newly discovered evidence tends only to impeach, discredit, or contradict a witness who has testified. Roberson's Criminal Law, sec. 1960. Moreover, all of these witnesses are shown to be residents of Tennessee, and were therefore not within the jurisdiction of the court.

It is insisted here, as on the former appeal, that the verdict is flagrantly against the evidence. The evidence was substantially the same, and this contention was there decided adversely. While, as before, the evidence was contradictory, the correctness of the decision is patent from a perusal of this record and the statement of facts given in the former opinion. As therein declared: "Juries are the judges of the facts and of the credibility of witnesses, and it was within the province of the jury in this case to accept the testimony of one set of witnesses and reject that of another set. The verdict was not so much against the weight of the evidence as to make it appear that it was the result of passion and prejudice on the part of the jury."

The self-defense instruction is criticized as being misleading and deficient in that it does not define the phrase "self-defense." All of the elements of excusable or necessary homicide on that ground are contained in the instruction. In appropriate language the jury was

told that if they believed from the evidence that at the time the defendant believed, and had reasonable grounds to believe, that he was then and there in immediate danger of losing his life or suffering great bodily harm at the hands of Finley, and that it seemed to the defendant, in the exercise of a reasonable judgment, to be necessary to shoot and kill him in order to avoid or avert the danger, either real or apparent, then the defendant should be found not guilty "upon the grounds of self-defense and apparent necessity." An examination of the previous record shows that this instruction is substantially the same as that given on the former trial, with the qualifying portion eliminated. It was therefore approved, and, even though the hypertechnical criticism now presented should be justified, the previous approval of the instruction makes it the law of the case.

This appellant is now over 80 years old. It is rare indeed that one of his age is charged with so serious a crime. In the natural course of life it is likely that his end will come before he shall have served out his prison sentence. There is nothing to show that he was irresponsible for his act, and, while the case is one appealing for a merciful consideration because of the defendant's advanced age, he has had a fair trial with all his legal rights preserved, and it is the duty of this court to affirm the judgment, which is done.