## Hall v. Commonwealth.

(Decided November 12, 1929.)

CAUDILL & TACKETT for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant was indicted on the charge of murder jointly with four others. He demanded a separate trial. He was found guilty of manslaughter, and his punishment fixed at 21 years in the school of reform and the penitentiary. He was a boy at the time of the commission of the offense, between the age of 14 and 15 years.

He was charged with the killing of Ralph Mullins. Dink Hall, his mother, who was indicted with him, lived in the suburbs in the mining town of Wheelwright. Mullins and his wife lived in a house about 75 or 100 yards below the home of Mrs. Hall. On Sunday, December 23, 1928, a little colored boy by the name of McDuff Thomas passed by the home of Ralph Mullins late in the afternoon. He and one of the Mullins boys, a son of the man who was killed, engaged in a difficulty. Mrs. Mullins was drawn into this difficulty. Mrs. Hall and her four children also became involved in a wordy combat with Mrs. Mullins. The bantering resulted in Mrs. Hall and her four children going towards the home of Mullins. Mrs. Mullins appeared to have proceeded towards them. When they met, the commonwealth showed by the evidence, that Mrs. Hall and her children, some of them grown, surrounded. Mrs. Mullins, and a fight started. The appellant struck Mrs. Mullins on the head with his pistol. About this time Ralph Mullins came out of his home and protested against the striking of his wife. Mrs. Hall told the appellant to shoot him and he did so. Mullins staggered back into the house and died immediately.

The appellant relies on self-defense. He claims that Mullins came out with a pistol in his hand and began to fire the pistol at his mother or others in the crowd, and that he shot in self-defense.

The court does not know whether the witnesses who testified for the commonwealth detailed the facts truly, or whether it was the witnesses for the defendant who told the truth. The probabilities are that the truth was somewhere between the two divergent statements as to what happened. The jury was the proper tribunal to reach a conclusion as to the truth. It found against the contention of appellant. There is abundant evidence to support the verdict.

The appellant was ably represented by skilled attorneys and every right vouchsafed to him by the law appears to have been protected, but his counsel complain that errors were committed at the trial which should require a reversal of the case.

The first point is that appellant is less than 17 years of age, and that the circuit court was without jurisdiction as there was no waiver of the jurisdiction of the county court. Section 331e5, Ky. Stats., provides that, when a

person within the provisions of the law relating to ju-venile offenders is arrested, he must be taken before the county judge, and the county judge has exclusive juris-diction to deal with the offender. There is, however, this provision in that section:

"The court may in its discretion in any case of a delinquent child brought before it as herein pro-vided, permit such child to be proceeded against in accordance with the laws that may be in force in this state governing the commission of crimes, and in such case the petition, if any, filed under this act shall be dismissed and the child shall be transferred to the court having jurisdiction of the offense."

When appellant was arrested, he was taken before the county judge who made an investigation, or inquiry concerning the offense, and surrendered judisdiction of the case to the circuit court. It appears to be the conten-tion of counsel for appellant that a hearing should have been had as is provided by the provisions of the juvenile laws relating to delinquent children. If a petition has been filed, the county judge may dismiss the petition under the juvenile laws and transfer the child to the court having jurisdiction. All that is required is that the county judge surrender his jurisdiction and transfer the case to the proper court. Com. v. Franks, 164 Ky. 239, 175 S. W. 349; Talbott v. Com., 166 Ky. 659, 179 S. W. 621; Waters v. Com., 171 Ky. 457, 188 S. W. 490.

In the case of Com. v. Davis, 169 Ky. 681, 185 S. W. 73, it was held that certain steps must be taken, such as filing a petition giving notice to parents or guardians, etc., where the county court waives its jurisdiction and transfers the case to another court. It is the contention of counsel for appellant that such was required in this case, and that the law was not followed. It appears that, after the commonwealth and the appellant had completed the introduction of evidence, it was discovered by the commonwealth that it had not introduced proof to estab-lish that the county judge surrendered his jurisdiction. Judge Hill then testified that he issued a warrant for the appellant, and that he brought him into his court, and that he then issued a summons for the mother having the boy in charge. His father, it appears from the state-ment of the judge, was serving a term in the penitentiary at the time. The summons was executed, whereupon the

county judge examined into the complaint and waived his jurisdiction and transferred the case to the circuit court. A copy of the judgment is placed in the record, and that judgment shows that Dink Hall, the mother of appellant, had been summoned and was present in court. The proceedings were regular, and the circuit court was thereby vested with jurisdiction.

A demurrer was filed to the indictment and overruled. Complaint is made about this solely on the ground that the circuit court was without jurisdiction. Having disposed of that question, no further attention need be given to the alleged error in overruling the demurrer.

There is a ground relied on for reversal relating to the admission of incompetent and irrelevant evidence. The evidence pointed out may have been immaterial, but there is nothing in it prejudicial to the rights of appellant. In fact, the complaint on this point is trivial.

It is insisted that the court erred in not taking into consideration the age and probable lack of accountability of appellant in giving the instructions. There is authority to sustain the contention made by counsel for appellant when the evidence discloses that a defendant is between the ages of 7 and 14 years. The evidence in this case does not disclose, as we read it, that appellant was under the age of 14. He himself testified that he did not know whether he was 14 years of age or 15. If he was either, he was beyond the age requiring an instruction such as is contended for by his counsel. There is a full discussion of this question with a citation of authorities in the opinion in the case of Stephens v. Stephens, 172 Ky. 780, 189 S. W. 1143.

The argument of the commonwealth's attorney in addressing the jury appears to have developed into a colloquy between counsel representing appellant and the attorney representing the commonwealth at one point, but an examination of what was said convinces us that the rights of appellant were not prejudiced.

Counsel for appellant have faithfully pointed out every possible ground for reversal, but none of them is available. The appellant is a youth and greatly to be pitied, but he had a fair trial, and a jury of his countrymen inflicted his punishment, and we are without power to disturb the verdict.