## Beach v. Commonwealth.

(Decided October 27, 1931.)

L. M. ACKMAN for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Two gentlemen of Verona were spending a Sunday afternoon riding about in an automobile, and imbibing intoxicating liquor. They invited Homer Beach to join them and the invitation was accepted. The three men continued to ride and to imbibe until the happening of the tragic events that furnished the occasion for the present prosecution. The automobile was owned and driven by James Creech, and the third man in the party was Orville Speagle. Late in the afternoon Creech was found in his car by the side of the Violet road between Verona and Crittendon, in Grant county, with his skull

badly crushed. He was taken to the office of a physician, where the dangerous character of his wound was discovered. The physician caused Creech to be sent to a hospital, where an operation was performed to relieve the pressure of the broken bones upon the brain. The injured man rallied from the operation and regained consciousness, but died about twenty-six hours thereafter. Beech and Speagle were jointly indicted for the crime, each being charged as principal and as aider and abettor. Beach was given a separate trial, convicted of manslaughter, and condemned to serve two years in the state prison. He has prosecuted an appeal from the judgment of conviction, insisting that the indictment failed to charge a public offense, that the instructions were erroneous, that he was prejudiced by a denial of his motion for a continuance, and that the uncontradicted evidence established his defense and entitled him to an acquittal.

The indictment charged that Homer Beach and Orville Speagle unlawfully, willfully, feloniously, and without malice aforethought, killed and murdered James Creech with a stone or other blunt instrument. It further accused both of the defendants as principals and as aiders and abettors of each other, as noted above. The argument is that the demurrer to the indictment should have been sustained because no public offense was stated. The argument is unsubstantial and unsound. Manslaughter is a public offense. It is the unlawful killing of another without malice aforethought, either in a sudden affray, or in sudden heat and passion, and not in the necessary or apparently necessary defense of the slayer. Com. v. Mosser, 133 Ky. 609, 118 S. W. 915; Com. v. McCandless, 156 Ky. 793, 162 S. W. 79; Miller v. Com., 163 Ky. 246, 173 S. W. 761. Blackstone defined "voluntary manslaughter" as "the unlawful intentional killing of another without malice." This court has approved that definition, observing that it is essential to the commission of the crime that the homicide should have been willfully and intentionally committed, or committed under such circumstances as to strike one at first blush as so reckless and wanton as to be felonious, though apparently not intended by the perpetrator. Montgomery v. Com., 81 S. W. 264, 26 Ky. Law Rep. 356; Wheeler v. Com., 120 Ky. 708, 87 S. W. 1106, 27 Ky. Law Rep. 1090; Com. v. Saylor, 156 Ky. 249, 160 S. W. 1032.

In view of these authorities, there can be no doubt that the indictment in this case stated a public offense.

The instruction complained of clearly submitted to the jury the offense charged in the indictment and the jury found the defendant guilty of voluntary manslaughter and fixed his punishment at the minimum authorized by law. It is not necessary to consider whether the instruction on murder was erroneous since the jury did not convict appellant under it. Of course, if the defendant had been convicted of the crime of murder, under the first instruction, he might have made the point that the indictment did not support such conviction. But a defendant convicted of a lesser offense could not have been prejudiced by any error that may have lurked in the other instruction concerning the greater offense. Criminal Code of Practice, sec. 340. Johnson v. Com., 179 Ky. 40, 200 S. W. 35; Garmon v. Com., 183 Ky. 455, 209 S. W. 528; Fields v. Com., 225 Ky. 655, 9 S. W. (2d) 990.

The appellant complains that the court did not grant him a continuance sought upon the ground that a material witness was absent. Passing the question of diligence on the part of appellant to procure the presence of the witness, we consider the character of the testimony which the witness was expected to give. The only facts known to the witness concerned events happenings subsequently to the killing. After Beach had struck Creech, he went to the home of Wallace, who was a brother-in-law of Speagle, and advised him of the serious condition of Speagle and requested him to go out and get Speagle and take him to a doctor. Wallace then went and got Speagle and took him to his home. The statements made by the defendant to Wallace were self-serving, and not competent for any purpose. In so far as the testimony of the witness was competent, it was merely cumulative of facts adduced at the trial without contradiction, and clearly the court did not abuse its discretion in ruling on the motion. Jamerson v. Com., 230 Ky. 704, 20 S. W. (2d) 711; Patton v. Com., 235 Ky. 845, 32 S. W. (2d) 405; Browder v. Com., 232 Ky. 205, 22 S. W. (2d) 615.

The appellant insists that his testimony concerning the altercation between him and the deceased was uncontradicted and established that his act in striking Creech with a stone was done in his necessary self-defense. The only other eyewitness to the act was Speagle, who had been rendered unconscious and did not know or realize what was going on at the time. The jury was not

bound to accept the testimony of the accused to the exclusion of all other evidence. The circumstances afforded contradiction of his version of the affair, and the statements of the accused shortly after the offense was committed were not consistent with his story upon the witness stand. He denied making the statements, but the credibility of the witness was for the jury to determine. It is the duty of the court to submit a case to the jury if there is any evidence conducing to the conclusion that the defendant is guilty of the crime charged against him. Com. v. Thomas, 104 S. W. 326, 31 Ky. Law Rep. 899; Crawford v. Com., 35 S. W. 114, 18 Ky. Law Rep. 16; Bennett v. Com., 133 Ky. 452, 118 S. W. 332; Kirk v. Com., 192 Ky. 460, 233 S. W. 1060; Kennedy v. Com., 194 Ky. 502, 239 S. W. 796.

The appellant has had a fair trial, the evidence was adequate to sustain the result reached, and no error of sufficient substance to justify a reversal of the judgment intervened in the proceedings.

The judgment is affirmed.