## Buttree v. Commonwealth.

(Decided March 1, 1932.)

W. E. BEGLEY for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

James Buttree, George Allen, Dave Bowling, Ben Johnson, and Alton Hubbard were jointly indicted in the Laurel circuit court for the murder of George Bowling. On separate trial Buttree was found guilty of voluntary manslaughter, and his punishment fixed at imprisonment for twenty-one years. He has appealed.

As grounds for reversal, counsel for appellant argue three alleged prejudicial errors committed by the trial court, viz.: (1) That the verdict of the jury is flagrantly against the evidence and contrary to the law; (2) that irrelevant and incompetent evidence was permitted to be introduced by the commonwealth over objections: (3) that the court erred in instructing the jury.

The difficulty which resulted in the death of George Bowling occurred in the road in front of his home in Clay county in the early evening of May 2, 1931. Immediately following the difficulty, Bowling was conveyed to a hospital at London in Laurel county, where he died that

night. It is admitted by appellant that he fired the shots which killed Bowling, but it is argued that at the time Bowling had attacked him with a pistol and that he shot in necessary self-defense.

Jack Brummitt, a witness introduced by the commonwealth, testified that he went to the home of deceased late in the afternoon and a short time before the tragedy occurred. He passed a group of men, including all of appellant's codefendants, on the road a short distance from Bowling's home and soon after his arrival there, he heard two shots fired at or near the point where he had passed this group. Immediately after these shots were fired, deceased came from that direction riding at a very rapid gait. He further testified that about 15 minutes after Bowling's arrival some one called and asked him to come to the store on the opposite side of the road; that it was then dark and he could not recognize the persons who called; however, Bowling started across the road and he followed him. About the time Bowling reached the opposite side of the road some one began firing a pistol in his face, and altogether about thirty or forty shots were fired. He stated that he recognized Ben Johnson, Lee Mitchell, and Alton Hubbard, and that there were three or four more whom he was unable to recognize. After the shooting ceased, George Bowling walked back across the road, sank down, and said, "I am killed, I am shot all to pieces." He further stated that he did not see George Bowling fire any shots and did not see him with a pistol, but learned that a pistol was found at the scene of the difficulty after the shooting.

Potter Bowling, a brother of deceased, who lives two or three hundred yards from the home of George Bowling, testified that, upon hearing two shots fired and his brother's wife crying, he decided that something was wrong, so took his shotgun and pistol and went to the home of his brother. He met him and Brummitt coming in from the direction of the barn, and they all sat down on the porch and began to talk. After a few minutes, a crowd came and some of them called to his brother to come to the store. Deceased started out, and he and Brummitt followed him. As deceased reached the far side of the road where the parties who called him were standing, they opened fire and fired something like thirty-five or forty shots. He stated that he fired five shots from his pistol and three from his shotgun at the parties

who were firing at his brother; that he did not see his brother fire any shots, but that a pistol belonging to him was found at the scene of the difficulty, and it contained five empty shells; that he did not recognize any of the parties doing the shooting, but stated that there were as many as five of them.

On the day of the difficulty, George Bowling attended a school election, and on his way home met and talked with a number of his friends who were introduced as witnesses for the commonwealth. They testified that he had some jars of liquor in a burlap or coffee sack. Brummitt testified that he did not have a sack when he arrived home. There is evidence that the sack in which he was carrying the liquor or one similar to it was found at or near the point where appellant and his codefendants were seen near the home of deceased a short time before the tragedy. Pleas Owens testified that late in the afternoon he saw Buttree and four of his codefendants near the point where Brummitt testified to having seen them.

Appellant admits that he and his codefendants were together near the home of Bowling for some time before the shooting, but that at the time of the difficulty he was on his way home, accompanied by Dave Bowling and George Allen; that on nearing the home of deceased he saw four or five men at the roadside, and, as he neared the group, George Bowling stepped out from the others, raised Allen's cap and looked at him. He repeated this procedure with Dave Bowling, and, approaching appellant with a pistol, took hold of his shoulder and said, "G—— D—— you, I am going to kill you." He punched his pistol in appellant's face, but appellant knocked it aside as it fired. Appellant then drew his pistol and fired five shots, whereupon all the men with deceased began shooting. Dave Bowling and George Allen admit that they were with appellant at the time of the difficulty, and their evidence tends to corroborate his statement as to the circumstances attending the difficulty. The other defendants in the indictment testified that they were not present when the shooting occurred, and in this they are corroborated by their codefendants and a number of other witnesses.

From the foregoing it will be seen that there is a sharp and irreconcilable conflict in the evidence, and in such circumstances it was peculiarly the province of the jury to determine the weight of the evidence as well as

the credibility of the witnesses in arriving at their verdict. The evidence for the commonwealth was sufficient to establish a case of inexcusable homicide, while that for defendant tended to show that appellant was acting in self-defense in repelling a deadly attack made by deceased. In this conflicting state of evidence it was for the jury to determine which set of witnesses was telling the truth. Lewis v. Commonwealth, 224 Ky. 502, 6 S. W. (2d) 502; Nelson v. Commonwealth, 232 Ky. 568, 24 S. W. (2d) 276; Crawford v. Commonwealth, 225 Ky. 282, 8 S. W. (2d) 406; Hall v. Commonwealth, 231 Ky. 473, 21 S. W. (2d) 799.

This court is not authorized to disturb the verdict of a jury as unsupported by evidence unless there is a total failure of evidence or the verdict is so palpably against the weight of the evidence as to clearly indicate that it resulted from passion and prejudice on the part of the jury. Burden v. Commonwealth, 216 Ky. 787, 288 S. W. 742; Jennings v. Commonwealth, 235 Ky. 391, 31 S. W. (2d) 622; Oldham v. Commonwealth, 228 Ky. 307, 14 S. W. (2d) 1065.

Alton Hubbard was called as a witness for appellant and testified that he attended the school election and saw George Bowling there. On cross-examination he was asked whether in the presence of Delbert Johnson he made certain statements about Bowling when he passed by and whether immediately following his statements he fired his pistol. He replied in the negative. Johnson was called in rebuttal and testified that Hubbard did make the statements and fired his pistol. The court admonished the jury, in substance, that Johnson's statements should not be considered as substantive evidence against appellant, but merely as impeaching the witness Johnson, if in their opinion it did so.

It is argued that the statements and acts about which Hubbard was asked were incompetent and irrelevant, and that the admission of evidence in contradiction was erroneous and highly prejudicial to appellant. Taking into consideration all the circumstances of this case as shown by the proof, we are not convinced that the court erred in the admission of this evidence. However, it is unnecessary to determine that question, as it is so apparent that the evidence complained of did not have controlling effect with the jury or in any way influence

their verdict, and therefore did not prejudice the substantial rights of accused.

The court over objection of appellant permitted a number of witnesses to testify as to the reputation of deceased for peace and quietude when the defense had not put in issue his reputation in that regard. That this was error is not an open or debatable question in this jurisdiction. Parker v. Commonwealth, 96 Ky. 212, 28 S. W. 500, 16 Ky. Law Rep. 449; Childers v. Commonwealth, 161 Ky. 440, 171 S. W. 149; Gregory's Criminal Law, .387.

Under the provisions of section 340 of the Criminal Code of Practice, this court is not authorized to reverse a judgment of conviction because of any error appearing on the record unless upon a consideration of the whole record the court is satisfied that the substantial rights of the accused have been prejudiced thereby. Puckett v. Commonwealth, 200 Ky. 509, 255 S. W. 125, 34 A. L. R. 96; Stidman v. Commonwealth, 221 Ky. 49, 297 S. W. 929.

At the last ground relied on for reversal it is argued that the court erred in giving an instruction on conspiracy. This objection only goes to instruction No. 1 under which the jury was authorized to find appellant guilty of murder.

It is unnecessary to go into a detailed recital of the evidence bearing on the question of conspiracy or to determine whether it was proper to instruct the jury on that theory of the case. Even if there had not been sufficient evidence to warrant an instruction on conspiracy, appellant was convicted of a lesser offense under another instruction and therefore is not in position to urge error, if any, in the instruction called in question.

In the very recent case of Beach v. Commonwealth, 240 Ky. 763, 43 S. W. (2d) 6, 7, this court in disposing of a similar contention said:

"But a defendant convicted of a lesser offense could not have been prejudiced by any error that may have lurked in the other instruction concerning the greater offense. Criminal Code of Practice, sec. 340; Johnson v. Com., 179 Ky. 40, 200 S. W. 35; Garman v. Com., 183 Ky. 455, 209 S. W. 528; Fields v. Com., 225 Ky. 655, 9 S. W. (2d) 990."

Finding no error prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.