Joe CHINN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 24, 1957.

As Modified on Denial of Rehearing Feb. 28, 1958.

King Swope, Lexington, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, Joe Chinn, was convicted of maliciously shooting and wounding Mack Hurt with intent to kill and his punishment was fixed at confinement in the penitentiary for ten years. On this appeal he argues the court erred: (1) In overruling his motion for a continuance; (2) in instructing the jury on self-defense.

The shooting occurred on January 22, 1955, and appellant was indicted on April 9 following. Hurt was seriously wounded and was hospitalized and because of this on April 13, 1955, the case was continued until the following June term, when it was again continued until the October term because Hurt was still in the hospital as a result of his wounds. During the October term, it was again continued until the January 1956 term for the same reason. The case was continued at the January term until the March term, 1956, when over the objection of the Commonwealth Attorney, another continuance was granted because of the illness of defense counsel, and the trial was set for the June term.

On March 24, 1956, defense counsel for the first time moved for the stenographic report of the testimony heard by the grand jury. This motion was sustained and the official reporter was ordered to furnish, at appellant's expense, defense counsel with the transcript of the testimony heard by the grand jury. Mrs. Hanratty, the official stenographer, who had reported this testimony, resigned shortly after reporting the grand jury proceedings in April 1955 and had moved to Florida.

Appellant's counsel, Judge King Swope, suffered a heart attack in April 1955, as above indicated, and was bedfast in a hospital and in his home for the next six months. It was on March 24, 1956, that Judge Swope's motion was sustained ordering Mrs. Hanratty to furnish him with the grand jury testimony. Several letters passed between Mrs. Hanratty and Judge Swope in which she stated she had misplaced her stenographic notes in moving to Florida, and she would write them up as soon as she could find them, but she feared they had been left in Kentucky and she doubted that she could locate them in time to write them up before July.

The case had been set for trial on June 14, 1956, and on June 7, defense counsel moved for another continuance on the ground he had been unable to secure from Mrs. Hanratty the transcript of the grand jury proceedings. This motion was properly overruled by the court because there had already been five continuances of the case. Although an order had been entered on March 24, 1956, that Mrs. Hanratty furnish Judge Swope the grand jury transcript, he waited until a week before the trial to complain to the court that he had not received it.

Judge Swope argues that § 110 of the Criminal Code of Practice makes it mandatory that accused be furnished this transcript upon payment of the reporter's fees, citing Turk v. Martin, 232 Ky. 479, 23 S.W.2d 937. The Turk case is not controlling here. There accused was trying to enforce his right to obtain a transcript of grand jury proceedings under § 110 and the commonwealth attorney directed the official reporter not to make the transcript because he considered the proceedings before the

grand jury were secret and one accused had no right to obtain a transcript of them.

We there upheld the provisions of § 110 and said it did not conflict with § 112 of the Criminal Code imposing the duty of secrecy on grand jurors, and we directed the official reporter to furnish the transcript. Here, unfortunately Mrs. Hanratty's stenographic notes were lost, or at least misplaced, and if the trial judge had been compelled to continue this case until the notes were found, appellant might never have been brought to trial under this indictment.

We can understand how the grand jury transcript may be of assistance to defense counsel in the preparation of his case. Also, it may be used in contradicting witnesses on the trial where they have appeared before the grand jury. Wireman v. Com., 211 Ky. 495, 277 S.W. 822; Summers v. Com., 236 Ky. 499, 33 S.W.2d 594. Yet this transcript is not of such importance as to require the judge to continue the trial until the lost, or misplaced, stenographic notes can be found, especially where there had been five continuances of the case and more than a year had elapsed since the indictment was returned. The rule is a trial court's discretion in granting or refusing a continuance will not be disturbed on appeal unless it clearly appears such discretion was abused. McDaniel v. Com., 246 Ky. 688, 56 S.W.2d 340; Hood v. Com., 303 Ky. 686, 198 S.W.2d 793.

It is manifest that in the circumstances presented by this record the trial court did not abuse his discretion in failing to grant appellant another continuance.

There is no merit in appellant's criticism of the self-defense instruction. We have carefully studied the instruction given and the one appellant offered (although it was not incumbent upon accused to offer an instruction), and we can find no substantial difference between the two. Defense counsel argues that the instruction the court gave left for the jury's determi-nation whether or not accused was in danger of death or great bodily harm at the hands of his victim at the time accused shot him, when the true test is for the jury to determine whether accused believed he was in such danger. The test is as appellant contends and the right of self-defense does not depend on whether the danger to accused was apparent to the jury, but whether such danger was apparent to accused in the exercise of a reasonable judgment. Wireman v. Com., 290 Ky. 704, 162 S.W.2d 557; Poe v. Com., 244 Ky. 649, 51 S.W.2d 937; Pelfrey v. Com., 255 Ky. 768, 75 S.W.2d 510. A clear and concise instruction on self-defense, coupled with defense of another, is found in Stanley's Instructions to Juries, § 892, p. 1194. The instruction the court gave fully met the test just mentioned.

The self-defense instruction given by the court told the jury if "defendant had reasonable grounds to believe (that he was in danger of death or great bodily harm from Hurt) or it reasonably appeared to him that such was about to be inflicted * * * then defendant had the right to use such means as was necessary to ward off the real or to defendant apparent danger * * * and if you believe from the evidence defendant * * * used only such means as were necessary or to him reasonably appeared to be necessary to ward off the real or to defendant apparent danger * * * defendant is entitled to acquittal on the ground of self-defense or apparent necessity."

The instruction appellant offered and contends should have been given uses these words: "If * * * defendant believed and had reasonable ground to believe (the danger existed) * * * or if it reasonably appeared to him at said time that he was in such danger * * * unless he resorted to the means used, then the use of the means was justifiable" and defendant should be acquitted. We can see no distinction between the two instructions. In either instance the jury was told to look at the danger and the means used

to repel it through the eyes of appellant rather than through their own eyes.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.