CASE 108—INDICTMENT—September 30.

# Coe v. Commonwealth.

### APPEAL FROM CUMBERLAND CIRCUIT COURT.

INDICTMENT FOR MANSLAUGHTER.—The fact that an indictment for manslaughter charges that the offense was committed "maliciously" does not render the indictment bad on demurrer, as the word ' maliciously " is to be regarded as surplusage, it being charged in the same sentence and connection that the offense was committed " in a sudden affray."

ALLEN & ALLEN FOR APPELLANT.

The facts and circumstances alleged in the indictment do not constitute the offense of manslaughter, and, therefore, the demurrer should have been sustained. (Crim. Code, sec. 124; *Idem*, sec. 161, subsec. 2.)

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The indictment is sufficient. (Bishop on Crim. Proc., vol. 2, secs. 502, 514; People v. Choiser, 10 Cal., 310; People v. Stevenson, 9 Cal., 273; Rex v. Mackalley, 9 Co., 65, 67a; Rex v. Briggs, 1 Moody, 318.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The offense charged in the indictment in this case is manslaughter, alleged to have been committed by the accused unlawfully, willfully, *maliciously*, feloniously, *in a sudden affray*, and not in his self defense. The defendant filed a demurrer to the indictment, and also, after verdict of the jury, moved in arrest of judgment.

The only ground upon which a judgment may be arrested is, as prescribed in section 276, Criminal Code, that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

One of the grounds upon which, according to sec-

tion 165, a demurrer to an indictment may be sustained, is substantially the same as the one upon which a motion in arrest of judgment may be made, viz: That the facts stated do not constitute a public offense. But if the demurrer is proper in this case at all, it is because the indictment does not substantially conform to the requirements of article 2, chapter 2, title 6, of the Code.

Section 124 provides the indictment must be direct and certain as regards—1. The party charged; 2. The offense charged; 3. The county in which the offense was committed, and 4. The particular circumstances of the offense charged, if they be necessary to constitute a complete offense. The only cause for demur‑ rer to the indictment in question that counsel urges is that the particular circumstances of the offense are not stated with that directness and certainty required by the Code; for there can be no question but the offense of manslaughter is the one intended to be, and which is in terms, charged.

The circumstances of time, place and manner of the commission of the offense and also the person slain, are all stated with sufficient directness and certainty to show the court had jurisdiction to apprise the defendant of the particular homicide which he is called on to answer, and to constitute a bar, in case of conviction, to another prosecution for the same offense. But although the offense charged is manslaughter, the word "maliciously," used in describing the particular circumstances of the offense, indicates a state of mind under which murder, not manslaughter, is committed. Nevertheless, as the words "in a sudden affray," de-

scriptive of manslaughter, occur in the same sentence and connection, the word "maliciously" is to be regarded as surplusage, and, therefore, in nowise affecting the indictment, otherwise] sufficient, nor the substantial rights of the accused. For, while he might have been indicted for murder alone, and, upon failure of proof to sustain the charge, convicted of manslaughter under the indictment complained of, he could not have been possibly convicted of murder, as he was not. So that as the offense of manslaughter was charged and sufficiently described in the indictment, the word "maliciously" did not nor could either mislead or prejudice the accused, and consequently should not be held to vitiate or impair the indictment.

In our opinion there was no ground for either demurrer or motion in arrest of judgment, and as we perceive no other error in the record, the judgment is affirmed.