### Frey v. Commonwealth.

(Decided April 18, 1916.)

## Appeal from Ohio Circuit Court.

1. Indictment and Information—Surplusage.—The unnecessary use of language in an indictment not affecting the offense with which the defendant is charged nor entailing upon him any additional burden to establish his innocence, but rather increasing the facts to be established by the Commonwealth, will be regarded as surplusage only and such language is not fatal to the indictment.

.2 Intoxicating Liquors—Indictment—Surplusage.—Where, in an indictment for violating the local option law, it is charged that the defendant "did unlawfully sell and furnish" to the prosecuting witness the intoxicant, the words "and furnish" will not be construed to charge an additional offense denounced by another section of the statute (2557b), but will be regarded as surplusage and the indictment to charge but the single offense of violating the local option law.

3. Intoxicating Liquors—Instructions.—Upon trial under such an indictment an instruction which authorizes the jury if it should believe beyond a reasonable doubt that the defendant did sell 'and furnish" the liquor to the prosecuting witness is not prejudicial

to the rights of the defendant although it would have been had it
used the words "or furnish" instead of the words "and furnish."
4. Intoxicating Liquors—Evidence—Competency.—Testimony intro-
duced by the Commonwealth to the effect that numbers of people
in a sober condition were seen going to the home of defendant
and within a short time returning from the direction of his home
in an intoxicated condition, is competent for the purpose of show-
ing that the article sold by the defendant was intoxicating, it being
his contention that it was nothing but grape juice and was a non-
intoxicating drink.

W. H. BARNES and HEAVRIN & KIRK for appellant.

C. E. SMITH, JAMES GARNETT, M. M. LOGAN, Attorney Gen-
eral, and OVERTON HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS.—Affirming.

The appellant, Bruno Frey, was indicted by the grand
jury of Ohio county, for violating the local option law
by selling intoxicating liquors in said county where the
local option law was in force at the time. Upon his trial,
after the entering by him of a plea of not guilty, he was
convicted and his punishment fixed at a fine of $60.00 and
confinement in the county jail for twenty days. Failing to
obtain a new trial he prosecutes this appeal.

Several complaints are made to the judgment, each
of which so far as we deem necessary will be considered
in the progress of this opinion.

First: A demurrer was entered to the indictment
which was overruled. The ground insisted upon for the
sustaining of the demurrer is that it is bad for duplicity
in that it charges the commission of two separate and
distinct offenses. The language of the indictment in its
charging part is this: "Said defendant in the county and
State aforesaid on the ........day of........................, 1914,
and within twelve months next immediately before the
finding of this indictment did unlawfully sell and furnish
to Charlie Condor, spirituous, vinous and malt liquors,
to-wit: wine, and at the time he did sell and furnish such
liquors the general local option laws prohibiting the sale
of such liquors were in full force and effect in said county,
contrary to the form of the statutes in such cases made
and provided and against the peace and dignity of the
Commonwealth of Kentucky."

It is insisted that this language accuses the appellant
of the two offenses of unlawfully *selling* intoxicating

liquors and of unlawfully *furnishing* intoxicating liquors to the prosecuting witness, the one offense being denounced by section 2557, and the other by subsection 2, of section 2557b of the Kentucky Statutes; and we are referred to the case of Partin v. Commonwealth, 140 Ky. 146, as authority for this contention. A reading of the opinion in that case, however, will show that this court expressly determined that the language in the indictment then being considered, which was almost identical with that being here considered, did not charge two offenses, but charged only the one offense of selling intoxicating liquors in violation of the local option law. The opinion cites and quotes from the case of Hyser v. Commonwealth, 116 Ky. 410, and the case of Commonwealth v. Dickerson, 25 Ky. L. R. 1043, and then says:

"Under these authorities, and others which might be cited, it is evident that the indictment did not charge appellant with the offense prescribed in subsection 2 of section 2557b, that of furnishing liquor, for there is no charge that he procured for or furnished the liquor to Adkins for the purpose of sale of it in that or any other town or district, nor was there the slightest proof to that effect; therefore, the court erred in directing the jury to find him guilty of the procuring for or furnishing to the witness, Adkins, the liquor. The indictment was sufficient to charge appellant with the offense charged in section 2557."

The furnishing of intoxicating liquors in order to be an offense under section 2557b, subsection 2, must be a furnishing for the purpose of illegal sale in local option territory by the person to whom the liquors are furnished. There are no allegations in the indictment being considered conforming to the requirements of the statute which would make the furnishing an offense. The indictment, therefore, charged but one offense, that being the one denounced by section 2557, and it is therefore not subject to the criticism made to it and the demurrer thereto was properly overruled. The use of the phrase "and furnish" in the indictment was clearly unnecessary and may be appropriately classed as harmless surplusage as far as the appellant is concerned. It resulted in the Commonwealth charging him with an unnecessary and additional act in order to render him guilty, for the offense was complete if he sold the intoxicating liquors under the circumstances charged, without his doing any

other act in the way of furnishing or otherwise. This character of surplusage does not harm the defendant in the indictment and will not render it bad on demurrer. Coe v. Commonwealth, 94 Ky. 606; Commonwealth v. Jarboe, 86 Ky. 143, and other cases which might be cited.

Second: It is also insisted that the court erred in the submission of the case to the jury by its instructions. But two instructions were given. The second one was the usual reasonable doubt instruction, and the first one is as follows: "If the jury shall believe from the evidence they have heard in this case to the exclusion of a reasonable doubt that the defendant did, within twelve months next before the 23rd day of June, 1915, in Ohio county, wilfully and unlawfully sell and furnish liquor, to-wit: wine, to Charles Condor, and at the time he did so the local option laws prohibiting the sale of such liquor were in force at the place where he made said sale, then the jury should find the defendant guilty as charged in the indictment and fix his punishment at a fine of not less than $60.00, nor more than $100.00, and confinement in the county jail not less than twenty nor more than forty days, in their discretion, within said limits."

From this instruction it will be seen that the court required the jury to believe that the appellant had "sold and furnished" the liquor to the prosecuting witness before it was authorized to convict him. The jury were thereby required to believe and find from the evidence more than was necessary to a conviction, i. e., in addition to the sale that the appellant also *furnished* the liquor to the witness. As we have hereinbefore seen, the offense would have been complete by the act of sale alone. The word "furnish" as used in the instruction was surplusage pure and simple and might be considered as synonymous with deliver as though the language in the instruction had been "sold and delivered" to the prosecuting witness, which would clearly not have been prejudicial to the defendant. The case of Partin v. Commonwealth, *supra,* does not hold to the contrary. The language used in the instruction and because of which the judgment of conviction was reversed, is "sold, procured for, *or* furnished *to* the witness, John Adkins, &c.," thus submitting the acts in the disjunctive form instead of the conjunctive, and maing that case almost the antithesis of the instant case. We are clearly of the opinion that there was no error in the point being

considered prejudicial to the substantial rights of appellant.

Third: Complaint is made because the prosecution was tried at a special term of the court, called for October 11, 1915, and to continue to and include October 16, 1915. This special term was called by an order entered on the order book of the Ohio circuit court at another special term which convened on the 23rd day of August, 1915, and continued to and included September 3, 1915. This last special term had been called by an appropriate order entered at the preceding regular June term, 1915. It is insisted that the court had no authority to enter an order for the last special term during the first one, as it was not stated in the order calling the first special term that any such second special term would be called at the first one. Without passing upon this point, it is sufficient to say that the special term at which the trial was had was called not only by the order entered at the first special term, but also by the posting of notice at the court house door, as directed by the provisions of the statutes upon the subject (section 964, Ky. Statutes). So that we find no merit in this objection.

Fourth: Complaint is made to the evidence which the court permitted the Commonwealth to introduce to the jury over the objections of the appellant. This consisted in showing the local option election held in 1886 throughout Ohio county by the records of the Ohio county court, and the testimony of witnesses as to the gatherings of persons at the house of the appellant and leaving there in an intoxicated condition, being the same evidence as was considered in the case of Frey v. Commonwealth, 169 Ky. 528, this day decided by this court. The testimony of the witnesses was permitted to be introduced by the court solely for the purpose of showing the intoxicating qualities of the article sold, which, according to the proof, was grape wine; and this court will take judicial knowledge of the fact that it is intoxicating. Gourley v. Commonwealth, 140 Ky. 221. These objections were disposed of adversely to the contention of appellant in the case of the same style, *supra,* this day decided, and it will be unnecessary to further consider them here.

Other objections grow out of the questions already determined and their further consideration is unnecessary.

There was ample evidence to justify the finding of the jury as to the sale, and the judgment based upon it is affirmed.