## Baker v. Commonwealth.

◦ (Decided September 23, 1924.)

### Appeal from Owsley Circuit Court.

1. Criminal Law—One Testifying for Commonwealth on Trial for Conspiracy to Commit Misdemeanor Held Not Discharged from Liability.—Ky. Stats., section 1241a, subsection 7, discharging one from liability for offense, where he testifies for Commonwealth on trial of another, applies only to offense named in section 1241a, and does not apply to a prosecution simply charging conspiracy to take woman from her home and have carnal knowledge of her; there being no charge that this was to be done against her will or consent.

2. Criminal Law—Statute Discharging Witness for Commonwealth from All Liability for Offense Charged Does Not Affect Common Law as to Conspiracy.—Ky. Stats., section 1241a, subsection 7, discharging from liability for offense charged one testifying as witness in prosecution of another, does not affect in any way common law as to conspiracies other than those named in it.

3. Homicide—Killing in Pursuance of Conspiracy to Commit Misdemeanor Not Murder.—As a conspiracy to have sexual intercourse with a woman, where no conspiracy to do so by force was charged, involved commission of misdemeanor only, killing in carrying out such conspiracy was not murder, but voluntary manslaughter.

4. Homicide—Killing During Conspiracy to Commit Misdemeanor Held Manslaughter.—If offense contemplated by conspirators is a felony, parties to conspiracy are guilty of murder if some one is killed, but are only guilty of manslaughter if the unlawful act contemplated is a misdemeanor.

5. Criminal Law—Instruction Hypothesizing Conspiracy to have Sexual Intercourse with a Woman Against Her Will Erroneous

Under Indictment Not Charging Conspiracy to do so by Force.— Where indictment simply charged conspiracy to go to home of woman and have sexual intercourse with her without alleging force, during the carrying out of which the woman was killed, charge that, if defendant conspired to have illicit sexual intercourse with her "against her will and without her consent," he was guilty, should have omitted the quoted words.

6. Homicide—Instruction on Killing, Pursuant to Conspiracy, should have Omitted Words Not in Accordance with Allegations.—Words "unlawfully, willfully, feloniously, and with malice aforethought" before word "conspire," in an instruction concerning killing of person during conspiracy to commit another crime, should have been omitted, when not in accordance with the facts charged.

RYLAND C. MUSICK, H. C. EVERSOLE and J. K. GABBARD for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

After the decision of this court in Gabbard v. Commonwealth, 193 Ky. 460, the indictment then before the court was dismissed, and the case was re-referred to the grand jury and a new indictment was found.

A trial was had under the new indictment of Grover Gabbard. At the conclusion of the evidence the court peremptorily instructed the jury to find him not guilty. The Commonwealth appealed; in this court it was held that the case should have been submitted to the jury, and the law was so certified to the circuit court. Commonwealth v. Gabbard, 200 Ky. 642. The facts of the case are stated in those opinions.

After the law had been so certified to the circuit court by this court, Harlan Baker was again placed on trial; the evidence was practically the same as on the last trial of the case. The jury returned a verdict finding him guilty of murder and fixing his punishment at confinement in the penitentiary for life. He appeals.

Appellant filed in the circuit court a special plea in bar of the further prosecution of the proceeding against him to the effect that Sanlin had been placed on trial for the offense and that he had testified for the Commonwealth on that trial and that he was discharged from all liability for the offense charged, "so necessarily disclosed in his testimony." Kentucky Statutes, section 1241a, subsection 7.

This provision of the statute, however, only applies to the offense named in section 1241a, which is a felony. The indictment under which the trial was had does not charge a violation of this section. It simply charges a conspiracy to go to the home of Bessie Allen for the purpose of taking her therefrom and having carnal knowledge and illicit sexual intercourse with her. It does not charge that they conspired to do this against her will or consent, or by force. The charge is simply a conspiracy to commit a misdemeanor. The statute does not affect in any way the common law as to conspiracies, other than those named in the statute. Such conspiracies may be prosecuted and are in no way affected by this statute. The circuit court therefore properly held the plea in bar insufficient. Commonwealth v. Barnett, 196 Ky. 731.

At the conclusion of the evidence the court gave the jury this instruction:

1. "If you shall believe from the evidence in this case beyond a reasonable doubt that the defendant, Harlan Baker, commonly called 'Wood,' Grover Gabbard, Charlie Gabbard, Robert Clark, Leonard Baker and Robert Sanlin, in Owsley county, Ky., and before the finding of this indictment herein, did *unlawfully, wilfully, feloniously and with malice aforethought* conspire, confederate or band themselves together in the nighttime, and agree to and with each other to go to the home of Bessie Allen for the purpose of taking her therefrom, for the unlawful purpose of having illicit sexual intercourse with her, *against her will and without her consent,* and while said conspiracy and agreement existed, and in furtherance thereof, and in trying to carry same into effect, the said Harlan Baker, Grover Gabbard, Charlie Gabbard, Robert Clark, Leonard Baker and Robert Sanlin, or any two or more of them connected with the defendant on trial, did go to the home of said Bessie Allen and take her therefrom and carry her away for the unlawful purpose of having unlawful sexual intercourse with her, and while said conspiracy existed between the said defendants or any two or more of those connected with the defendant Baker, and in trying to carry out same, the said Robert Sanlin shot and killed the said Bessie Allen, then in that event you ought to find the defendant, Harlan Baker, guilty of wilful murder as charged

in the indictment and fix his punishment at death or at confinement in the state penitentiary for life in your discretion according to the proof.''

As the indictment only charged a conspiracy to commit a misdemeanor the question for decision is, if Bessie Allen was killed by Sanlin in furtherance of the conspiracy, was Baker guilty of murder or manslaughter?

In 13 R. C. L., page 731, the rule is thus stated:

''If the offense contemplated by the conspirators is a felony the parties to the conspiracy are guilty of murder, and if the unlawful act is a misdemeanor, the guilt will be of the grade of manslaughter.'' To the same effect is 13 R. C. L., page 847; 29 C. J., page 1098; Notes 68 L. R. A., page 213.

Instead of telling the jury in the last clause of the instruction to find the defendant guilty of wilful murder the court should have told the jury to find him guilty of voluntary manslaughter and fix his punishment at confinement in the penitentiary for not less than two nor more than twenty-one years. As the indictment did not charge the intention to have sexual intercourse with Bessie Allen, ''against her will, and without her consent,'' these words which we have underscored in the instruction should have been omitted.

The words ''unlawfully, wilfully, feloniously and with malice aforethought,'' which we have also underscored before the word ''conspire'' should also be omitted, for the nature of the conspiracy must be determined from the facts charged.

In lieu of the second instruction the court will give the jury the following instruction:

''If Bessie Allen was taken from the house by defendant Baker and Grover Gabbard, in good faith, with the intent to take her to the home of Lish Gabbard, and not for the purpose of sexual intercourse with either of them, or Sanlin, or anyone acting with them, and while she was so in good faith with them, she was taken from them against their will by said Sanlin, forcibly or by putting them in fear, and she was after this shot by Sanlin because she refused to go up on the hill with him, then the jury should find the defendant not guilty.''

Instruction three will be omitted and by instruction five the court will simply tell the jury that if they have a reasonable doubt of the defendant having been proven guilty, they ought to find him not guilty.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.