## Bynum v. Commonwealth.

(Decided April 18, 1933.)

STEVE WILEY for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

By verdict and judgment of the Fulton circuit court, Sherman Bynum has been convicted of voluntary manslaughter and his punishment fixed at ten years' imprisonment. He is prosecuting this appeal.

The indictment charges the offense of voluntary manslaughter committed by unlawfully, willfully, feloniously, and in sudden affray shooting, wounding, and killing Bert Owens with a pistol. Since neither the weight nor sufficiency of the evidence is called in question, it will be unnecessary to detail any of the proven circumstances attending the homicide except in so far as they may relate to other grounds argued for reversal.

The grounds argued and relied on for reversal, in substance, are: (1) That the indictment is fatally defective and subject to demurrer; (2) that the commonwealth's attorney made highly improper and prejudicial statements in his opening presentation of the case to the jury; (3) that the court erred in the admission of incompetent evidence; (4) that the court failed to submit to the jury the whole law of the case; and (5) that instruction No. 1 is erroneous and prejudicial.

The indictment is challenged as defective in that it does not use the words "or in sudden heat and passion" in connection with the words "in sudden affray," as is usual in such indictments. As supporting this contention, counsel relies on the case of Commonwealth v. Mosser, 133 Ky. 609, 118 S. W. 915. A careful reading of that case will disclose that while it does use both of the above-quoted terms in referring to a proper indictment for voluntary manslaughter, it does not hold that the use of both terms is necessary to make the indictment good. On the other hand, in the case of Coe v. Commonwealth, 94 Ky. 606, 23 S. W. 371, 15 Ky. Law Rep. 284, it is held that in an indictment for man-

slaughter the words "in sudden affray" are sufficiently descriptive of the offense charged. In the light of that authority it is apparent that the court did not err in overruling the demurrer to the indictment.

In his opening statement the commonwealth's attorney, among other things, said:

> "This killing occurred at the home of a woman by the name of Dora Guthrie. She was a witness for the defendant in this case when it was tried before. She may be here to testify for the defendant again, and she may not. But if she does, we are going to show that she is a woman of bad reputation and absolutely unworthy of belief."

In his assertion that this statement is improper and prejudicial to appellant, counsel cites and relies on the case of Middleton v. Commonwealth, 188 Ky. 247, 221 S. W. 563. In that case it is said in effect that in the statement of the case, the commonwealth's attorney should confine himself to a brief statement of the facts which he expects to develop by proof, and not to comment on the character of witnesses who may or may not be introduced. That case may be easily distinguished because it condemned statements of the commonwealth's attorney that if certain witnesses took the witness stand, the commonwealth would show that they had a criminal record replete with the commission of other felonies in no way connected with the offense for which the accused was being tried and which would not be a proper subject of proof on the trial. Here the commonwealth's attorney was merely making a statement of proof he expected to introduce as to the character of a prospective witness for truth and morality. Clearly such evidence would have been competent.

In the case of Choate v. Commonwealth, 176 Ky. 427, 195 S. W. 1080, 1087, the court disposed of a similar contention, saying:

> "* * * Counsel may briefly direct the attention of the jury to all the facts and circumstances which counsel in good faith believes will be allowable to develop in the evidence."

Manifestly this ground is wanting in merit.

As to the third ground, it is first argued that the court erred in permitting the commonwealth to contra-

dict its own witness. Certain witnesses introduced by the commonwealth, after having testified, were asked if they had not made other statements before the grand jury or on a former trial. Under section 596 of the Civil Code of Practice, which also applies in criminal cases, the party producing a witness may contradict him by other evidence and by showing that he has made statements different from his present testimony. But wholly apart from this Code provision and the numerous cases construing and applying it, there was no substantial difference between the testimony of the witness on this and on the former occasion, and it is manifest that appellant was not prejudiced in this particular.

One witness was asked if he did not know accused was a bootlegger, and another was asked if when he ran from the house where the homicide occurred, he did not state to persons whom he met on the outside that it was the coldest bloodiest murder he ever saw. The first question was answered in the negative, and to the second the witness simply answered: "I don't know that I told them Sherman Bynum had shot Bert Owens."

Unquestionably this mode of interrogation is highly improper and in some circumstances might inflame and prejudice the minds of a jury. In any case such conduct upon the part of the commonwealth's attorney is inexcusable and nothing can be said in its defense. Fortunately the court is not under a duty or obligation to reverse a judgment because of every error.

Under section 340 of the Criminal Code of Practice, a judgment shall not be reversed for any error appearing on the record when, upon a consideration of the whole case, it does not appear that the substantial rights of accused have been prejudiced thereby. A consideration of this impropriety on part of the attorney for the commonwealth in questioning witnesses in connection with all the facts and circumstances shown by the record convinces us that the verdict would have been the same if the case for the commonwealth had been conducted in stricter conformity with ethical standards.

The basis for argument that the court erred in failing to give the whole law of the case was the failure to define "sudden affray" as used in the instruction. The cases of Gillis v. Commonwealth, 202 Ky. 821, 261

S. W. 591, Fletcher v. Commonwealth, 210 Ky. 71, 275 S. W. 22, and Gurley v. Commonwealth, 218 Ky. 236, 291 S. W. 40, are cited as supporting that theory; but we do not so read and understand them.

In Blanks v. Commonwealth, 223 Ky. 484, 3 S. W. (2d) 1105, 1107, it is said:

"The court did not define 'affray.' Relying upon the case of Gillis v. Commonwealth, 202 Ky. 821, 261 S. W. 591, defendant contends this was error, but we are unable to agree with him. The case of Gurley v. Commonwealth, 218 Ky. 236, 291 S. W. 40, is a complete answer to his contention."

A reading of the Gillis Case will disclose that the judgment was not reversed because of a failure to define the word "affray." In Gibson v. Commonwealth, 226 Ky. 186, 10 S. W. (2d) 646, it is said that the Gillis Case has been explained time and again as not sustaining the contention that it is reversible error not to define the words "sudden affray." In Fletcher v. Commonwealth, supra, it is specifically pointed out that this court has never held that failure to define the words "sudden affray" constituted reversible error.

Finally, it is urged that instruction No. 1 is erroneous because it follows the usual form and includes the words "or in sudden heat and passion" when they are not included in the indictment.

The only case cited by counsel for appellant as sustaining this contention is that of Baker v. Commonwealth, 204 Ky. 420, 264 S. W. 1069. In that case the indictment charged that accused and others entered into a conspiracy to go to the home of deceased for the purpose of taking her therefrom and having unlawful sexual intercourse with her; that while the conspiracy existed and in an attempt to carry out same, accused and his codefendants, or some of them, shot and killed her; but the indictment did not allege that their purpose was to be carried out against her will and without her consent. It was held that because of the failure to use these words in the indictment, it did not charge a conspiracy to commit a felony, but merely a conspiracy to commit a misdemeanor. However, the instruction complained of, and which this court held to be erroneous, authorized the jury to convict accused of murder if the purpose of the conspiracy was to be carried out

against the will and without the consent of the victim. In other words, the instruction authorized the jury to find appellant guilty of murder when at most the indictment authorized a conviction for manslaughter; but not so here, because the indictment only charged manslaughter and the instruction only permitted a conviction for that degree of homicide.

Unquestionably the better practice in drafting instructions is to substantially follow the language of the indictment; but if the instruction fairly presented the issues, technical inaccuracies not prejudicing the rights of accused will not authorize a reversal. Hannah v. Commonwealth, 242 Ky. 220, 46 S. W. (2d) 121.

There was ample evidence for the commonwealth tending to show that the homicide in this case was an outgrowth of a sudden affray, and it is apparent from a consideration of the instruction called in question in connection with the entire record that the result would have been the same if the words complained of had been omitted from the instruction. It therefore follows that appellant's insistence that he was prejudiced by the instruction is without merit.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.