## Denham v. Commonwealth.

October 8, 1946.

Murray L. Brown and W. N. Flippin for appellant.

Eldon S. Dummit, Attorney General, H. K. Spear, Assistant Attorney General, and Russell Jones, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

Elmer Denham is charged with maliciously shooting a deadly weapon into a dwelling house, in violation of the provisions of KRS 435.170. He was tried, convicted and sentenced to five years in the penitentiary.

On appeal the judgment was reversed because the instructions were erroneous. See Denham v. Commonwealth, 300 Ky. 531, 189 S. W. 2d 738. On retrial he was again convicted and his punishment fixed at two years confinement in the penitentiary. This appeal followed.

The only ground relied upon for reversal is that the court erroneously admitted incompetent and prejudicial evidence.

The facts show that John Ferrell lived with his family at Luretha, Pulaski County, in February 1945. About eight o'clock A. M. on the day of the shooting appellant came to the Ferrell home at a time when Mr. Ferrell was absent. Mrs. Ferrell saw appellant approaching the house and, realizing that he was drunk, ran to the back door and closed it. When appellant came to the back door and was unable to gain admittance to the house he fired two shots from a pistol through the door into the house and then went inside. Occupants of the house subdued him and shortly afterwards he was arrested and taken to jail.

Mrs. Ferrell's testimony is somewhat indefinite and not so convincing as her testimony on the first trial, but it does show that appellant fired the pistol into the house.

A daughter of John Ferrell was present at the Ferrell home on the occasion and testifies more positively than her mother, saying that Denham, being unable to open the kitchen door, threatened to kill her if she did not open it, and then fired a revolver through the door. After firing the shots Denham pushed the door open and came in, but was arrested before harming anyone.

Mina Jones, a neighbor, says that she saw appellant stop at the Ferrell home and that two shots were fired.

William Ferrell, son of John Ferrell, was in the house at the time of the shooting, saw appellant with the pistol, and found two bullet holes in the door.

The arresting officers testified that when the appellant was arrested a 22 caliber pistol was taken from him.

Defendant claims to have been drinking, or drunk, for two or three days prior to the shooting. According to his testimony he, Estil Jones, and another boy drank some more whiskey at a neighboring store where they purchased some cigarettes and he remembered nothing from the time he left the store until he awakened in jail.

Appellant contends that it was error to permit the Commonwealth Attorney to cross-examine Mrs. John Ferrell who was called as a Commonwealth witness. Her testimony on the second trial was not as clear as it was on the former trial. On the first trial she stated that when appellant came around the house he had a pistol and that he shot twice. At the second trial she said she did not see appellant come around the house with a pistol and that she remembered only one shot. Undoubtedly this change in her testimony took the Commonwealth by surprise, and under such circumstances we think it was proper to permit the Commonwealth attorney to refer to the transcript of her testimony taken at the former trial for the purpose of cross examining her. Since some time had elapsed before the second trial took place, reference to her former testimony might have refreshed her recollection about the facts. We can not agree that reference to her former testimony was reversible error. Bynum v. Commonwealth, 248 Ky. 564, 59 S. W. 2d 550.

After Mrs. Ferrell had made it apparent that her recollection of the facts was not so good at the second

trial as at the first, the Commonwealth Attorney, over objections of appellant's counsel, asked her if she had not forgotten the facts on purpose and if appellant had not procured her not to testify against him. She denied the accusation, and it is claimed that in permitting such questions to be asked the court prejudiced the rights of appellant.

Under some circumstances such questioning might be prejudicial, but we do not think it was in this case. All the evidence points unerringly to the appellant's guilt, and since the jury gave him the minimum penalty we are unable to see that he was prejudiced by this line of interrogation.

It is argued by appellant that one of the arresting officers was permitted to testify to conclusions instead of facts, and that this was prejudicial error. We can not agree. Actually the effect of this officer's testimony is that to the best of his recollection he believed that two shots had been fired from the pistol which he had taken from appellant. Since the evidence is clear that two shots were fired the answers given by this officer are clearly not prejudicial.

At the second trial appellant testified he was so drunk on the occasion referred to in the evidence that he did not remember being at the Ferrell home, and, as stated before, had no recollection from the time he was at the store where cigarettes were purchased until his confinement in jail. On the former trial he testified: "Well, I had a pistol in my hand and it went off some way." Also, his testimony on the former trial indicated that he had some recollection of what occurred at the Ferrell home. When he was confronted with a transcript of his previous testimony he did not deny specifically that he had so testified, but contented himself with saying that he "did not know," or he "guessed so," or "I was told that."

The official reporter who took the transcript of testimony at the first trial was introduced by the Commonwealth in rebuttal, and by his testimony it was proved that appellant had made such answers as would indicate a recollection of some events which occurred at the Ferrell house. It is argued that the introduction of this witness and the admission of his testimony is prejudicial

error. While the specific questions, as shown by the previous transcript, were not asked the appellant, it appears that questions of a similar nature were asked.

It seems to us that appellant's failure to admit that he so testified on the former trial is a basis for the introduction of his actual testimony. Certainly the transcript of his former testimony would be admissible in rebuttal as contradicting appellant's direct testimony that he had no recollection of what happened at the Ferrell home. See Meadors v. Commonwealth, 281 Ky. 622, 136 S. W. 2d 1066.

Upon the record as a whole we feel that the appellant had a fair and impartial trial, and that no prejudicial error has been shown. The judgment is accordingly affirmed.