**6**

Stanley TROWBRIDGE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 14, 1963.

Daniel W. Davies, Newport, for appellant.

John B. Breckinridge, Atty. Gen., James G. Osborne, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of violating KRS 436.240 and fined $250.00. On appeal he contends he could not be charged with a crime under this section of the statutes.

Appellant owned a tavern in which he maintained three pinball machines. While these machines registered winnings only in free games, the evidence was that appellant paid the player, in cash, a nickel for each free game won. KRS 436.240(1) provides:

"(1) Any person who permits any game, table, bank, machine or contrivance *prohibited by KRS 436.230*, to be set up, conducted, kept or exhibited, in any house, boat or float, or on any premises in his occupation or under his control, or leases such a place or any part of it for that purpose, shall be fined not less than two hundred and fifty dollars." (Our emphasis)

KRS 436.230(1) provides:

"(1) Any person who, with or without compensation, sets up, keeps, manages, operates or conducts or assists in setting up, keeping, managing, operating or conducting a keno bank, faro bank, or *other machine* or contrivance *used in betting* whereby money or any thing of value may be won or lost, * * * shall be fined, etc." (Our emphasis)

Subsection (5) of KRS 436.230 describes in detail a pinball machine and provides:

"* * * subsection (1) of this section shall not apply to any person, keeping, managing, operating, conducting or owning such device *which only gives a free game or games* for the skill of the player playing such machine or device." (Our emphasis)

The substance of appellant's argument is that the described pinball machine is not a prohibited gambling device, which we must concede, and that the operation of such a device cannot constitute prohibited gambling under section (1) of KRS 436.230, which does not follow at all.

It is first said that regardless of the exemption under subsection (5) of KRS 436.-230, a pinball machine is not an "other machine or contrivance" because it is not in the same category as a keno or faro bank. Such a restrictive construction of those words is strained indeed, is inconsistent with the wording of KRS 436.240(1), and contrary to the purpose of the statute. In addition, subsection (5) of KRS 436.230 recognizes that a pinball machine is covered by subsection (1) except to the extent it is exempted by subsection (5).

Appellant's principal argument is that since subsection (5) exempts a pinball machine as a gambling device, the use of it for gambling purposes cannot constitute the prohibited crime.

The purpose of subsection (5) is clear. A pinball machine which only pays off in free games is not a gambling device and the person operating such a device, *where the payoff is limited to the rewards given by the machine itself,* may not be charged with violating subsection (1). When the operator uses the innocent machine for gambling purposes, he thereby uses it in a manner prohibited by subsection (1).

The judgment is affirmed.