**Sammy BEETS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1969.

STEINFELD, Judge.

The Moose Lodge had a hall and other lodge facilities on Slate Ridge Road about a mile and one half east of Lilly in Laurel County. The "hall" contained several rooms where various activities occurred. After obtaining a search warrant officers conducted a raid and arrested Sammy Beets.

Later the grand jury indicted Beets for the offense of keeping, managing, setting up and operating "a pinball machine, in the Moose Lodge * * * whereby money was won or lost on said machine * * * the same being classified and taxed as a gaming device under the Internal Revenue Code of the United States contrary to KRS 436.230" on August 19, 1967. The trial "jury (found) the defendant guilty and fix(ed) his fine at $500.00 and a sentence of one year in the penitentiary." From a judgment entered pursuant to that verdict, Beets appeals. We affirm.

The Moose Lodge had two officers. There was a president and appellant was secretary and a member of the Board of Directors of this corporation. It was a private club which for social activities admitted only its approximately 200 members into the 60 by 60-foot lodge hall. It raised money for charitable purposes such as assisting underprivileged children. To supplement its income it borrowed a pinball machine from a commercial distributor and placed it in the lodge hall. The funds it raised were to be used solely for charity and neither appellant nor the lodge had a key to the money box. All these arrangements were pursuant to a resolution adopted by the Board of Governors when eight of the nine members were present.

Appellant assigns three grounds for reversal. He claims that he was entitled to a directed verdict of acquittal, that the instructions were erroneous and that prejudicial incompetent evidence was admitted over objection.

C. B. Upton, Williamsburg, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

In addition to the above facts appellant notes that there was no proof that he ever played the machine or encouraged anyone to do so, or' that he supervised or assisted in the operation of it. Also there was testimony that the money box had never been opened after the machine was delivered to the lodge.

The pinball machine was discovered on the same raid by officers which was described in a companion case, Beets v. Com., Ky., 437 S.W.2d 493 (decided October 11, 1968). In that opinion after discussing the relationship that existed between Beets and the Moose Lodge we said:

"Although appellant insists he was not the owner or possessor of intoxicants, the fact he was secretary, a member of the house committee and in charge of all club records, tends not only to contradict his testimony but to show that he was in charge of the clubrooms and had the right to control the activities there including the management of, and the disposition of the intoxicating beverages in the clubrooms."

The connection between Beets and the operation of the club rooms at the time the raid occurred was carefully considered in that case. We find nothing in appellant's argument to convince us that it was different with respect to the pinball machine.

Beets argues that it was not shown that the machine was a gambling device within the meaning of KRS 436.230. Trooper Fulks admitted that the machine was so constructed that it could be used as a non-gambling device or a gambling device. A state trooper testified that it "* * * just gave a free game" and another witness said that it was fixed so that a player could play off free games and could not increase the odds by depositing additional coins. On the basis of that evidence he claims that this machine, so arranged, was exempt under KRS 436.-230(5) and he relies on Trowbridge v. Com., Ky., 369 S.W.2d 6 (1963) [1], in which we said:

"* * * The purpose of subsection (5) is clear. A pinball machine which only pays off in free games is not a gambling device and the person operating such a device, where the payoff is limited to the rewards given by the machine itself, may not be charged with violating subsection (1) * * *".

The Commonwealth asserts that in A. B. Long Music Co. v. Com., Ky., 429 S.W. 2d 391 (1968), we held that similar evidence presented a jury question as to whether the machine was a gambling device.

As the officers raided the club, Beets unsuccessfully tried to hold the door to prevent them from entering. Poker chips, playing cards, bingo equipment, a wheel, and posted rules for playing poker were all found within. An officer described the pinball machine as the "bingo type" which can be arranged several different ways to permit "winning on it". The raiders saw no one operating the machine and testified to observing no gambling although there were 50 to 75 people in the hall.

Trooper Fulks explained in detail the style, method of operation of the machine and the many ways in which the owner could adjust various devices on it to affect its operation. Over objection of appellant he stated that it was a gambling device. On cross-examination he admitted that this "* * * machine just gave free games * * *" just as "They all do." When he was asked "* * * if you get a certain score you get a free game or several free games?" he replied, "More than thirty, yes."

Significant, we think is the testimony of that officer that a player could win 699 free games, but that it would take him "twenty hours and thirty-three minutes to

---

1. Statutes are quoted in that opinion.

play off 699 games * * *". The testimony was sufficient to sustain the verdict. A. B. Long Music Co. v. Com., supra.

An instruction must submit to the jury the issue of guilt or innocence of the accused of the crime for which he stands trial. Collins v. Com., 195 Ky. 745, 243 S.W. 1058 (1922); Watts v. Com., 197 Ky. 101, 245 S.W. 884 (1922); Baker v. Com., 204 Ky. 420, 264 S.W. 1069 (1924) and Ray v. Com., 230 Ky. 656, 20 S.W.2d 484, 66 A.L.R. 1297 (1929). Beets says that "When a man is charged in an indictment with murder, it is not proper to submit the question of guilt as an aider or abettor of another" and he cites Hollin v. Com., 158 Ky. 427, 165 S.W. 407 (1914); Montague v. Com., Ky., 332 S.W.2d 543 (1960) and Schweinefuss v. Com., Ky., 318 S.W.2d 544 (1958).

An instruction directed the jury to determine if Beets " * * * did unlawfully and feloniously, with or without compensation, set up, keep, manage, operate or conduct or assisted in setting up, keeping, managing, operating or conducting a pinball machine used in betting whereby money or anything of value may be won or lost, * * *". The complaint is directed to the words "assisted in setting up, keeping, managing, operating or conducting a pinball machine." The indictment, appellant notes, did not charge that the appellant assisted.

The Commonwealth responds "that the appellant did not raise this question relating to aider and abettor at the trial court level, since the objection * * * only stated that the instructions were erroneous and that the Court failed to give the whole law of the case. No further mention was made in particularity on the motion for new trial." It contends that the objection was not specific enough. "(O)bjections of this kind simply cannot be raised for the first time on appeal." Napier v. Commonwealth, Ky., 426 S.W.2d 121 (1968). They were not sufficiently raised below.

The final argument is that incompetent prejudicial evidence was admitted over objection. The testimony of which Beets complains was that "a quantity of beer and intoxicating liquors, poker chips, playing cards, bingo cards, bingo wheel, tip boards, and a set of poker rules" in addition to the pinball machine were found on the premises. KRS 436.230(1) denounces a " * * * machine or contrivance used in betting whereby money or any other thing of value may be won or lost, * * *". Appellant concedes that if he "had been charged with suffering or permitting gambling on the premises, such evidence may have been competent on such a charge, since knowledge of the gambling on the premises is a necessary ingredient to such offense (Lancaster Hotel Co. v. Commonwealth, 149 Ky. 443, 149 S.W. 942; Burnell v. Commonwealth, 30 K.L.R. 491). But, appellant was not charged with suffering or permitting gambling on premises under his control; but, rather, was charged with the specific offense of setting up and operating the pinball machine." The trial court ruled " * * * that this shows, scheme, plot and design * * * as it would relate to the particular charge of setting up and operating this pinball machine * * *". We agree that this evidence was admissible. Dills v. Com., 287 Ky. 582, 154 S.W.2d 543 (1941); Blowing v. Com., Ky., 254 S.W. 2d 913 (1953); 38 Am.Jur.2d 213, 214, Gambling, Sec. 147.

The judgment is affirmed.

All concur.