CASE 64.—PROSECUTION   BY   THE   COMMONWEALTH AGAINST HARRY MOSSER FOR MANSLAUGHTER. —May 5, 1909.

# Commonwealth v. Mosser

Appeal from Trimble Circuit Court.

CHAS. C. MARSHALL, Circuit Judge.

Indictment dismissed on demurrer and the Commonwealth appeals.—Affirmed.

1. Homicide—"Murder" Defined.—"Murder" is the unlawful, willful, and felonious killing of another with malice aforethought, not in the necessary or apparently necessary self-defense of the slayer.

2. Homicide—Indictment—Sufficiency—"Voluntary Manslaughter."—Under Cr. Code Prac. Sec. 122 subsec. 2, providing that an indictment shall contain a statement of the acts constituting the offense in ordinary and concise language, etc., and section 124, providing that the indictment must be direct and certain as regards the party and the offense charged, ect., an indictment alleging that accused committed manslaughter by unlawful'y, willfully, and feloniously killing another by shooting, from which shooting the latter died, does not charge the common-law crime of voluntary manslaughter punished as provided by Ky. St. Sec. 1150, and defined as the unlawful, willful, and felonious killing without previous malice, in a sudden affray or in sudden heat of passion, not in the necessary or apparently necessary self-defense of the slayer.

3. Homicide—"Involuntary Manslaughter"—Indictment—Sufficency.—The indictment does not charge involuntary manslaughter defined as the unintentional killing of another in the performance by the slayer of an unlawful act or by the doing of a lawful act in an unlawful manner.

Vol. 133—39

Commonwealth v. Mosser.

4.  Homicide — Manslaughter — Indictment — Sufficiency.— The
    form of indictment for manslaughter prepared by the Code
    commissioners does not conform to Cr. Code Prac. Sec 122-
    124, defining the requisites of an indictment.

JAS. BREATHITT, Attorney General; TOM B. McGREGOR,
Asst. Atty. General and CHAS. H. SANFORD for the Common-
wealth.

We submit that as the offense of manslaughter was charged
and sufficiently described in the indictment, the word "malic-
iously" did not nor could either mislead or prejudice the accused,
and consequently should not be held to vitiate or impair the in-
dictment.

In our opinion there was no ground for either demurrer or mo-
tion in arrest of judgment, and as we preceive no other error in
the record, the judgment is affirmed.

### AUTHORITIES CITED.

Roberson's Criminal Law, Sec. 217; Wharton on Homicide, 3
Ed. 835; 21 Cyc. 858; Camp v. State, 25 Ga. 689; Coe v. Common-
wealth, 94 Ky. 606; Bishop on Criminal Procedure, Vol. 2, Sec.
502 and 514; People v. Chosier, 10 Cal. 310.

D. H. PEAK, EUGENE MOSLEY and EDWARDS, ODGEN &
PEAK for appellee.

### POINTS AND AUTHORITIES.

1. The indictment must contain a statement of the acts constitut-
ing the offense in ordinary and concise language, and in such
manner as to enable a person of common understanding to know
what is intended.    Criminal Code subsec. 2, Sec. 122; Criminal
Code Sec. 124.

2. The indictment does not charge murder because it fails to
use the technical term "Malice Aforethought" and the word of
art "Murder."    Kaelin v. Commonwealth, 84 Ky. 385; Roberson
Criminal Law, page 263; Wharton on Homicide, page 866.

3. Voluntary manslaughter is a common law offense which is
neither defined or described by the statute, hence in arriving at
the sufficiency of the indictment we must resort to common law
rules.    Voluntary manslaughter is the unlawful killing by an-
other without malice in sudden heat and passion or sudden affray.
Wharton on Homicide, page 6; Wharton's Criminal Law, 10th
Ed., Sec. 303; Jane v. Commonwealth, 3rd Metc. 20; Mitchell
v. Commonwealth, 88th Ky. 351; White v. Commonwealth, 9th
Bush 180; Roberson Criminal Law, Sec. 189; 4th Blackstone 192;
Connor v. Commonwealth, 13th Bush 718.

4. The indictment does not charge voluntary manslaughter, it
not being sufficiently specific, and fails to use the technical
words and phrases necessary to make it a good indictment at
common law.    Jane v. Commonwealth, 3rd Metc. 20; Mitchell v.
Commonwealth, 88th Ky. 351; White v. Commonwealth, 9th Bush
180.

5. Testing the indictment by the instruction, which must be, to-wit: That the jury must believe beyond a reasonable doubt that the killing was done in sudden affray, or sudden heat or passion, without previous malice, the indictment is bad on demurrer. Wheatley v. Commonwealth, 26 L. R. 439.

6. Involuntary manslaughter is the killing of another person in doing some unlawful act not amounting to a felony and without an intention to kill, or where one kills another while doing a lawful act in an unlawful manner. Roberson's Criminal Law, page 246; Wharton's Criminal Law, Sec. 305; Connor v. Commonwealth, 13th Bush 718; Trimble v. Commonwealth, 78th Ky. 176.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The following indictment was found and returned against the appellee by the grand jury of Trimble county: "The grand jurors of the county of Trimble in the name and by the authority of the Commonwealth of Kentucky, accuse Harry Mosser of the crime of manslaughter, committed in manner and form as follows, to-wit: The said Harry Mosser in the said county of Trimble on the —— day of September, 1908, and before the finding of this indictment, did unlawfully, willfully, and feloniously kill Mattie Hensley by shooting the said Mattie Hensley with a gun and pistol, a deadly weapon, from which shooting and wounding the said Mattie Hensley died within a year and a day, against the peace and dignity of the Commonwealth of Kentucky." Appellee interposed a demurrer to the indictment, which the court sustained, and dismissed the indictment. The Commonwealth excepted to this ruling, and from the judgment resulting therefrom prosecutes this appeal.

The Criminal Code of Practice (Section 122, subsection 2) requires that an indictment shall contain "a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to

know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction according to the right of the case." Section 124 provides that the indictment must be direct and certain as regards "(1) the party charged; (2), the offense charged; (3) the county in which the offense was committed; (4) the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." We do not think the indictment in question conforms to either of the foregoing sections. If the word "murder" had been substituted for the word "manslaughter" wherever the latter occurs in the indictment, and the words "with malice aforethought" had been added immediately following the word "feloniously" appearing therein, it would have been good as an indictment for murder, and under it the appellee might have been convicted of voluntary or involuntary manslaughter, if proof of the facts of the homicide had warranted the jury in finding him guilty of either instead of murder. But the acts charged in the indictment are not sufficient to make it good as to any of these offenses. Murder is the unlawful, willful, and felonious killing of another with malice aforethought, not in the necessary or apparently necessary self-defense of the slayer. Voluntary manslaughter is the unlawful, willful, and felonious killing, without previous malice, of another, in a sudden affray or in sudden heat and passion, not in the necessary or apparently necessary self-defense of the slayer. Wharton (10th Ed.) Sec. 303; Mitchell v. Commonwealth, 88 Ky. 351, 11 S. W. 209, 10 R. 910; Roberson's Criminal Law, Sec. 189. Involuntary manslaughter is the unintentional killing of another in the performance by

the slayer of an unlawful act, or by the doing of a lawful act in an unlawful manner. The omission from the indictment of the word "voluntary" in connection with the word "manslaughter" does not make the indictment bad, but it is the ommission following the word "feloniously" of the words "in a sudden affray or in sudden heat and passion and without previous malice." In other words, as the indictment fails to charge that the homicide was committed by appellee in a "sudden affray or in sudden heat and passion," it fails to set forth the particular facts or circumstances that would make the homicide voluntary manslaughter.

Section 1150, Ky. St., declares what punishment shall be inflicted for voluntary manslaughter, but does not define the crime. It is not therefore a statutory, but a common-law crime, and in determining whether the indictment is sufficient we must apply the common-law rules in effect adopted by the Criminal Code of Practice, which requires, as in subsection 2 of Section 122, that the indictment shall contain "a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended," and, as in Section 124, by stating "the particular circumstances of the offense charged;" such circumstances being necessary to show a complete offense, it being apparent from the indictment itself that the grand jury were attempting to indict appellee for voluntary manslaughter.

The indictment is also far short of being a good indictment for involuntary manslaughter, as it fails to allege any facts from which it can be inferred the

appellee was engaged in an unlawful act from which the homicide unintentionally resulted, or that it resulted from an improper or unlawful performance by appellee of a lawful act. It is true the indictment follows the form prepared by the Code commissioners, but, as the form does not conform to the provisions of the Criminal Code of Practice contained in Sections 122 and 124, it, too, must be declared insufficient. Obviously, the indictment is not good as an indictment for murder, voluntary manslaughter, or involuntary manslaughter. It follows, therefore, that the demurrer was properly sustained.

Wherefore the judgment is affirmed.