## Hawkins v. Comlth. of Ky.

(Decided February 10, 1911.)

Appeal from Bell Circuit Court.

Homicide—Question Whether Voluntary, Involuntary or Accidental Killing.—Under an indictment for murder the court should not give an instruction as to a shooting in sudden heat of passion, where all the evidence shows that the offense was either a reckless shooting or unintentional. In such a case the court

should give an instruction defining voluntary manslaughter, involuntary manslaughter and accidental shooting, in addition to an instruction defining murder.

J. G. ROLLINS for appellant.

JAMES BREATHITT, Attorney General, and THOS. B. BLAKEY, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

William Hawkins was indicted for the murder of George Browder, and on a trial before a jury was found guilty as charged, and his punishment fixed at death.

Browder and Hawkins and some other negroes were going along a road in Bell county. The rest of the party were a little ahead of Hawkins, Browder and John Farrow, and knew nothing of the circumstances of the homicide. Farrow testified that Browder was sitting on the side of the road obeying a call of nature, and Hawkins was standing in the road with a shot gun in his hands; that Browder said, "Let down that shot gun, you will shoot me"; that Hawkins said, "If I shoot you it won't be accidental"; that he then cocked the gun and leveled it at Browder, who was still sitting down, and the gun went off; that Hawkins then turned to him and said if he didn't run he would shoot him. On the other hand, Hawkins testified that when Browder left the road, Browder gave him his pistol to hold for him; that while he was standing there a bird flew up in a bush, and John Farrow asked for his gun to shoot at the bird; that he declined to give the gun to Farrow, and Farrow undertook to take it from him; that in the struggle between him and Farrow over the gun, it was accidentally discharged, and Browder was shot. The other members of the party when they heard the shooting came back down the road, and their testimony tends as much to support Hawkins as Farrow. The only thing that Browder is shown to have said was that he didn't see how Will come to shoot him. All the testimony in the case shows that Hawkins and Browder were perfectly friendly; that Hawkins had the shot gun because he had been hunting with it, and there is an entire want of evidence of any motive for the homicide. There is an intimation that Hawkins was drinking, but there is no proof of this. On these facts the circuit court gave the usual instructions on murder. Also the two following instructions:

2.  "Or, if you should not believe from the evidence beyond a reasonable doubt, that the defendant has been proven guilty as defined in Instruction No. 1, above, but shall believe from the evidence, beyond a reasonable doubt, that the defendant, Will Hawkins, in this county, and before the finding of the indictment herein, wilfully and feloniously and in sudden heat and passion or in sudden affray and without previous malice and not in his necessary or reasonably apparent necessary self-defense, so shot at and wounded George Browder as that he died within a year and a day thereafter, then the defendant is guilty of voluntary manslaughter included in the indictment herein, and you ought to so find.

3.  "Or, if you shall not believe from the evidence, beyond a reasonable doubt, that the defendant has been proven guilty as defined in Instruction No. 2, above, but shall believe from the evidence that the defendant had reasonable grounds to believe and did believe that there was no danger in handling the gun as he did, and that it was done without any purpose of harm upon his part, and further believe from the evidence, beyond a reasonable doubt, that the killing resulted from the careless use of the weapon by the defendant, you should find him guilty of involuntary manslaughter, included in the indictment herein, and fix his punishment at a fine in any sum, or imprisonment in the county jail for any length of time, or you may both fine and imprison the defendant, in your discretion; but if you shall believe from the evidence that the killing was accidental and without carelessness upon the part of the defendant, you will find him not guilty."

These were all the instructions given the jury, except those on reasonable doubt, and defining the words "wilfully," "feloniously" and "malice aforethought."

There is nothing in the case to warrant an instruction on a shooting in sudden affray or in sudden heat of passion. There was no quarrel between the parties. The second instruction served to mislead and not to enlighten the jury. Under the instructions of the court the jury were required to find the defendant guilty of murder or involuntary manslaughter, or acquit him. In lieu of the instructions quoted, the court should have told the jury in substance (1) that if Hawkins shot Browder by reason of his recklessness in handling the gun but without malice aforethought, they should find him guilty of voluntary manslaughter; (2) if he was not reckless, but failed

to exercise reasonable care in handling the gun, and it so went off and killed Browder, he was guilty of involuntary manslaughter; (3) if he exercised reasonable care in handling the gun, and it went off when he did not intend to fire it and Browder was thus shot, this was an accidental killing, and they should acquit him. (Lewis v. Commonwealth, 140 Ky. 652.)

Judgment reversed and cause remanded for a new trial.