## Commonwealth v. McCandless.

(Decided January 14, 1914.)

### Appeal from Livingston Circuit Court.

Indictment—Insufficiency of for Manslaughter.—An indictment for manslaughter not alleging that the shooting was done in a sudden affray, and there being doubt as to whether the allegation as to sudden heat and passion, was sufficient, the circuit court erred in overruling the motion of the Commonwealth Attorney to dismiss the indictment and re-refer the case to the grand jury.

JAMES GARNETT, Attorney General; D. O. MYATT, JOHN L. GRAYOT, JOHN K. HENDRICK, T. L. CRICE and A. M. NICHOLS for appellant.

C. C. GRASSHAM, BERRY & GRASSHAM and C. H. WILSON for appellee.

Opinion of the Court by Chief Justice Hobson— Reversing.

The following indictment was returned in the Livingston Circuit Court on July 19, 1913:

"The grand jurors of the county of Livingston, in the name and by the authority of the Commonwealth of Kentucky, accuse Claude McCandless of the crime of voluntary manslaughter, committed in manner and form as follows, to wit: The said McCandless in the said county of Livingston on the 21st day of February, 1913, and before the finding of this indictment did unlawfully, willfully and feloniously and under circumstances ordinarily calculated to arouse passion beyond control, kill and slay Barney Trimble by shooting him with a shotgun from which said shooting said Barney Trimble did then and there die against the peace and dignity of the Commonwealth of Kentucky."

On the 4th day of September, 1913, this occurred:

"This day this prosecution coming on for trial, came the Comonwealth by attorney and entered a motion to dismiss the indictment with leave to resubmit to the grand jury, to which motion the defendant objected, and the court being advised, overruled said motion; and to the ruling of the court the plaintiff excepts and prays an appeal to the Court of Appeals, which is granted."

The appeal before us is prosecuted by the Commonwealth from this order.

In Commonwealth v. Mosser, 133 Ky., 609, we said:

"Voluntary manslaughter is the unlawful, willful, and felonious killing, without previous malice, of another. in a sudden affray or in sudden heat and passion, not in the necessary or apparently necessary self-defense of the slayer."

The statement in the indictment that the defendant killed the deceased "under circumstances calculated to arouse passion beyond control" is not an express allegation that he killed him in sudden heat and passion, although it might be evidence that he so killed him. The rule is that the fact and not the evidence of the fact should be stated. The indictment contains no charge that the killing was done in a sudden affray; and this not being charged in the indictment; proof that it was done in a sudden affray would be inadmissible. If the indictment had charged that the killing was done in a

sudden affray and in sudden heat and passion, the Commonwealth could have sustained the charge by proof of either fact. As this may have been important in the prosecution, and there was room for doubt as to the sufficiency of the allegation as to heat and passion, the circuit court erred in overruling the motion of the Commonwealth Attorney, and in refusing to re-submit the case to the grand jury. (See Violet v. Commonwealth, 24 R., 1720; Tall v. Commonwealth, 110 S. W., 425.)

Judgment reversed and cause remanded for further proceedings consistent herewith.