## Burris v. Commonwealth.

October 1, 1948.

146

Carroll W. Morris for appellant.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The indictment charges the appellant, John Burris, with voluntary manslaughter, committed by shooting Edith Leming "in a sudden affray and without previous malice." The instructions authorized conviction not only upon the circumstance or condition so charged, but also that of "sudden heat of passion," and as well upon the theory of the "reckless, wanton and grossly careless use and handling" of a pistol, "or in pointing it at said Edith Leming when the defendant knew it was dangerous to life." An instruction on involuntary manslaughter was given, predicated upon "an unintentional and careless discharge of the pistol by the defendant in doing a wrongful act, such as pointing said pistol" at the deceased. The defendant claimed the killing was accidental, which theory was also submitted. The verdict was

voluntary manslaughter with a penalty of ten years imprisonment.

Where the accused is indicted for murder, it is proper to submit also questions of guilt of lesser degrees of homicide committed under any circumstances or provocation of which there is evidence. Thus, under an indictment for murder it is proper, where the evidence warrants, to authorize a finding of guilt of voluntary manslaughter committed in sudden affray or in sudden heat of passion or by the reckless handling of a deadly weapon, as well as to submit issues of involuntary manslaughter under any of the recognized causes or conditions. Hawkins v. Commonwealth, 142 Ky. 188, 133 S. W. 1151; Jones v. Commonwealth, 200 Ky. 65, 252 S. W. 130. But where the indictment is for voluntary manslaughter, charged to have been committed under a particular condition or specific circumstances, the evidence and the instructions must be confined to the allegations or charges.

One of the essential elements of a good indictment is that it shall contain a statement of the particular acts constituting or contributing to the offense, and that it shall be direct and certain as regards "the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." Criminal Code of Practice, secs. 122, 124. The "circumstances" of an indictment embrace the minor. or attendant facts or conditions which have legitimate bearing on the major fact charged. Here the major fact was the commission of homicide of the degree of voluntary manslaughter, and the only "particular circumstance" stated is that it was "in sudden affray." Like the "different modes" and "different means" required by Sec. 126 of the Criminal Code of Practice, they too may be charged in the disjunctive or alternative. We have held that an indictment for "manslaughter" was not sufficient where it omitted to charge that the homicide was committed in a sudden affray or in sudden heat of passion, or to state any facts from which it could be inferred that the accused had committed the offense of involuntary manslaughter, as required by the Criminal Code of Practice. Commonwealth v. Mosser, 133 Ky. 609, 118 S. W. 915. The indictment in Commonwealth v. McCandless, 156 Ky. 793, 162 S. W. 79, for voluntary manslaughter was held defective for similar omissions. It is pointed out in the opinion

(though stated conversely) that in the absence of a statement in the indictment that the homicide was committed in sudden affray or in sudden heat of passion, evidence thereof would not be admissible. And in Bynum v. Commonwealth, 248 Ky. 564, 59 S. W. 2d 550, 552, where the indictment for voluntary manslaughter charged only that it was committed in sudden affray, we held the indictment good, but that it was improper to include in the instructions the additional manner or condition, "in sudden heat and passion," although under the evidence the inclusion of that circumstance was held not prejudicial error requiring a reversal of the judgment. It is observed in the opinion, as in many others, that the instructions should follow the language of the indictment, as it has been held often that instructions must be based on both the charges and the evidence.

In the case at bar there was no evidence whatever upon which to base an instruction on "sudden affray," which is a difficulty or fight suddenly resulting from a mutual agreement of two or more parties. Cavanaugh v. Commonwealth, 172 Ky. 799, 190 S. W. 123. But under the indictment, that was the only particular circumstance which could have been properly submitted.

It is not necessary to pass upon the sufficiency of the evidence to sustain a conviction upon other grounds, although we may say in passing that the evidence tended to show the killing of the woman was the result either of reckless or of careless handling of a pistol or was an accident.

Judgment reversed.