# Fox v. Commonwealth.

January 18, 1949.

Davies & Hirschfeld for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

James Fox was sentenced to five years in prison for voluntary manslaughter. The indictment charged that he "did unlawfully, wilfully and feloniously, but without previous malice, by the reckless and grossly careless use of a pistol," kill Alfred Carrey. The principal ground urged for reversal is that the jury was not properly instructed.

A dispute arose between Fox and Carrey over a few nickels which came out of a slot machine. Fox's defense was that he did not fire until Carrey approached him with a knife. The Commonwealth sought to show that Carrey was unarmed, and that he was in no way the aggressor. All the evidence tended to show an intentional rather than an accidental killing. The theory of the case submitted to the jury was that Fox shot Carrey in sudden affray or in sudden heat and passion.

The appellant relies principally upon the recent case of Burris v. Commonwealth, 308 Ky. 145, 213 S. W. 2d 1014, 1015. In that case the indictment charged the defendant with voluntary manslaughter by shooting in sudden affray without previous malice. The instructions not only authorized a conviction under the indictment, but also under the circumstances of sudden heat and passion and reckless, wanton and grossly careless use and handling of firearms. We held that the evidence and the instructions should have been limited to the

theory of the case set forth in the indictment. During the course of the opinion it was said:

"Where the accused is indicted for murder, it is proper to submit also questions of guilt of lesser degrees of homicide committed under any circumstances or provocation of which there is evidence. Thus, under an indictment for murder it is proper, where the evidence warrants, to authorize a finding of guilt of voluntary manslaughter committed in sudden affray or in sudden heat of passion or by the reckless handling of a deadly weapon, as well as to submit issues of involuntary manslaughter under any of the recognized causes or conditions. Hawkins v. Commonwealth, 142 Ky. 188, 133 S. W. 1151; Jones v. Commonwealth, 200 Ky. 65, 252 S. W. 130. But where the. indictment is for voluntary manslaughter, charged to have been committed under a particular condition or specific circumstances, the evidence and the instructions must be confined to the allegations or charges." The Burris case is controlling here.

Judgment reversed with directions to set it aside and for proceedings consistent with this opinion.