## Commonwealth v. Carr.

March 3, 1950.

J. B. Johnson, Judge.

A. E. Funk, Attorney General, Guy L. Dickinson, Assistant Attorney General, and James A. Inman, Commonwealth's Attorney, for appellant.

Joe S. Feather for appellee.

JUDGE REES—Affirming.

The grand jury of Whitley County returned an indictment against George Carr accusing him of the offense of unlawfully obstructing justice, a common law misdemeanor. A demurrer to the indictment was sustained and the indictment was dismissed. The Commonwealth has appealed.

The indictment charged that the accused ''did unlawfully, wilfully, commit the offense of obstructing justice by preventing Conservation Officers of the State of Kentucky to-wit: Herbert Saylor and B. H. Hopper in the discharge of their official duties by ordering them from his property and preventing their passage through said property in passing to a point where they were checking on persons for fishing licenses, said persons being then engaged in fishing in a public stream known as Watts Creek.'' Section 150.090 of the Kentucky Revised Statutes provides that conservation officers and other officers charged with the enforcement of the game and fish laws shall have authority to call for and inspect the license or badge of any person engaged in any activity where a license is required. In Draffen v. Black, 302 Ky. 775, 196 S. W. 2d 362, it was held that conservation officers have the right to enter private property to enforce the provisions of the game and fish laws, but there Black was the owner of a tract of land within which was located a large fishing pond and it was necessary to enter upon his land to call for and inspect the licenses of persons fishing in the pond. Conservation officers may enter upon private property when such entry is necessary in the performance of their official duties, but otherwise they are trespassers. KRS 150.090 does not clothe them with blanket authority to enter upon or pass over private property without the consent of the owner. The indictment in the present case fails to state facts showing that it was reasonably necessary for the conservation officers to pass over appellee's land in the performance of their duties. It merely alleges

that appellant prevented them from passing through his property to a point where persons were fishing in Watts Creek. It does not appear from the indictment that the persons whose licenses the officers desired to inspect were on appellee's land or at a place which could not be reasonably reached without passing through his property, nor does it appear that Watts Creek flows through his land, borders thereon, or is near thereto. Section 124 of the Criminal Code of Practice provides that the indictment must be direct and certain as regards "the particular circumstances of the offense charged, if they be necessary to constitute a complete offense." As was said in Burris v. Commonwealth, 308 Ky. 145, 213 S. W. 2d 1014, 1015: "The 'circumstances' of an indictment embrace the minor or attendant facts or conditions which have legitimate bearing on the major fact charged."

We conclude that the indictment in the present case failed to meet the requirements of sections 122 and 124 of the Criminal Code of Practice as to certainty, and that the trial court correctly sustained the demurrer.

Judgment is affirmed.