**Walter GOSSETT, Sr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 17, 1957.

Lawrence S. Hail, Somerset, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

This is the second appearance of this case on our docket. See Gossett v. Commonwealth, Ky., 295 S.W.2d 388.

The first appeal was from a judgment under which appellant was convicted of a third violation of local option laws and which fixed punishment at confinement in the penitentiary for one year.

A reversal was ordered because the third count of the indictment (which charged the commission of a felony) did not aver that the crime charged in the second count was committed prior to the commission and conviction of the crime charged in the third count. It was stated: "When the case is returned to the circuit court, it may strike count 3 from the indictment and try appellant on counts 1 and 2 which correctly charge him with a misdemeanor, a second violation of the local option law." The opinion affirmed the principle that one charged properly only with having committed a misdemeanor should not be convicted of a felony.

However, during the pendency of the former appeal, appellant was again arrested and charged with violation of the liquor laws. He was again indicted and charged with a third violation under KRS 242.990. And again, under the third count, which charged a felony, the same mistake was made. We will not rediscuss the technical difficulties other than to reiterate:

"The indictment, the evidence and the instructions should make it clear that the commission and conviction of the second crime were subsequent to the commission of the first and the commission of the third crime was after the commission and conviction of the second."

On the last trial appellant was not convicted on the felony charge. The jury found him guilty under the second count of the indictment and imposed the maximum punishment for a second offense violation, that is, a $200 fine and 120 days' confinement in the county jail.

Ordinarily, the fact that he had been convicted under a count which charged a lesser offense than the defective count which charged the felony, would remove the requirement that the judgment be disturbed. Sloan v. Commonwealth, 268 Ky. 241, 104 S.W.2d 988. Not every error will authorize a reversal of a judgment in a criminal case. Clatos v. Commonwealth, 298 Ky. 851, 184 S.W.2d 125. It is only when it appears that the substantial rights of the accused have been seriously impaired, will reversal ensue. However, in this case, the accusation and the facts alleged in this third defective count became so important under the instructions given by the court that we believe the rights of appellant were prejudiced.

It came about in this manner: Count two accused that on February 5, 1948, in the Adair County Quarterly Court, appellant was charged with and convicted of the offense of transporting intoxicating liquors, for the purpose of sale, in local option territory and, on appeal to the Adair Circuit Court, he was again tried and convicted on March 12, 1949. Count three, the defective count, accused that on May 21, 1951, in the County of Pulaski, he was charged with and convicted of the offense of having in his possession, for the purpose of sale, intoxicating liquor.

If, on the trial of this case, instruction number two, under which appellant was convicted as being a second offender, had

**382**

followed the allegations of count two, which charged the second offense, we would be without difficulty—but this, it did not do. The instruction reached into the facts alleged in the third count and embodied the facts found in that accusation (allegedly a third offense) in the instruction concerning the second count (the second offense). Under the second count, the site of the offense was Adair County —under the third, for a different offense, in Pulaski County.

■ We have suggested that the language of instructions should follow that of the indictment. Burris v. Commonwealth, 308 Ky. 145, 213 S.W.2d 1014.

When this case is returned to the circuit court, it may strike count three from the indictment and try appellant on counts one and two which correctly charge a misdemeanor. However, the instructions should be based upon the facts averred in counts one and two.

Judgment reversed.