Joseph F. **ROBARDS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 13, 1967.

---

Neville M. Tucker, Louisville, for appellant.

Robert Matthews, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, Edwin A. Schroering, Louisville, for appellee.

PALMORE, Judge.

The appellant, Joseph F. Robards, was tried, convicted and sentenced to 10 years' imprisonment pursuant to an indictment charging him with pointing a pistol or some other object intended by him to simulate a pistol at one Emmet E. Vanata with the intent to rob him, in violation of KRS 433.150. He asserts two grounds for reversal:

1. That the instructions were prejudicially erroneous in permitting a conviction if he committed the alleged assault in a manner different from that stated in the indictment; and

2. That he should have had a directed verdict of acquittal because the evidence was not sufficient to support a conviction.

The indictment alleged that on or about September 4, 1964, in Jefferson County, Kentucky, Robards "pointed a pistol, or some other object intended by him to simulate a pistol, at Emmet E. Vanata intending to rob him," etc.

Robards did not produce any evidence in defense. According to testimony introduced by the Commonwealth, at about 9 o'clock one morning while Vanata, a 68-year-old retired bus driver, was returning from a local bank to his place of employment as a deliveryman carrying in his hands a bundle containing $3,000 in $10 bills, Robards appeared from behind a telephone booth, walked up to Vanata "with his hand in his right hand pocket * * * Just like that (indicating with hand in pocket)" and said, "I'll take that money," whereupon Vanata simply handed it to him. Robards was quickly seized and subdued by others present and was found to be unarmed. In explanation of why he had given the money to Robards, Vanata said, "Well, for one thing I had been knocked in the head once and robbed of $3,700 up there by the bank and I was thinkin' about that and after that first one my head was sore for a long time." He

said also that he believed at the time that Robards was armed.

The instruction claimed to have been erroneous was as follows (with emphasis added to indicate the portion in controversy):

"If the jury believe from the evidence in this case, beyond a reasonable doubt, that in this County on or about the 4th day of September, 1964, and before the finding of the indictment herein, the defendant, Joe Fredericks Robards, without effecting a robbery, did, with a pistol or some object intending to simulate a pistol, unlawfully and maliciously assault Emmet E. Vanata, *or by menace, or in any forcible and violent manner demanded any money from said Emmet E. Vanata,* with the felonious intent then and there to rob the said Emmet E. Vanata, and did demand of said Emmet E. Vanata property of value, then the jury should find the defendant guilty of armed assault with the intent to rob, and fix his punishment at confinement in the penitentiary for not less than 10 years or for life, or by death, in your discretion.

"The jury is further instructed that, within the meaning of these instructions, it makes no difference whether or not the defendant, in fact, had an offensive weapon if, at the time he intended to convince the said Emmet E. Vanata and did so convince him that he had an offensive weapon."

■ The crime denounced by KRS 433.-150 can be committed in two different ways, (1) by an assault with an offensive weapon or instrument with intent to rob, and (2) by a demand of money or property in a forcible and violent manner with intent to rob. Roberts v. Commonwealth, Ky., 339 S.W.2d 640, 642 (1960), citing Little v. Commonwealth, 246 Ky. 805, 56 S.W.2d 526 (1933).

In the *Roberts* case it was observed that if the evidence will sustain a finding of guilt on one of these two theories but not the other, so much of the indictment as charges a commission of the crime in the other manner is surplusage, and an instruction embracing both theories "may be prejudicial if it invites the possibility of conviction on a theory not sustained *by the evidence.*" 339 S.W.2d at 642 (emphasis added).

In the *Little* case the court expressed doubt as to the sufficiency of an indictment which charged neither (a) the use of an offensive weapon nor (b) the act of demanding money or property. To simplify the subject further, one may commit the offense by assaulting another with an offensive weapon [or simulated weapon, cf. Merritt v. Commonwealth, Ky., 386 S.W.2d 727, 729 (1965)], *without a demand* for money or property, or by demanding money or property in a forcible manner *without the use of a weapon*, provided in either case that he does so with the intent to rob. Obviously, therefore, although the offense may be committed in either of two ways, it may be committed in both ways at one and the same time, by the combined use of a weapon or simulated weapon and a demand for money or property. That is the situation in this case.

■ We are of the opinion that the evidence justified the jury's finding that Robards committed the offense in either or both manners and that the court did not err in overruling the motion for a directed verdict of acquittal. It follows, of course, that the instruction permitting a conviction on either basis was supported by the evidence [1] and could have been erroneous only on the theory that it did not follow the allegations of the indictment.

Robards puts much reliance on Fox v. Commonwealth, 309 Ky. 204, 217 S.W.2d 215 (1949), in which the indictment charg-

---

1. See Stanley's Instructions, §§ 815, 859, setting forth instructions embracing both theories.

ed, as was then proper,[2] voluntary manslaughter "by the reckless and grossly careless use of a pistol" and instructions authorizing conviction on the basis of an intentional killing in sudden affray or in sudden heat of passion were held prejudicially erroneous. Cited in support was Burris v. Commonwealth, 308 Ky. 145, 213 S.W. 2d 1014, 1015 (1948), in which it had been held that "the evidence and the instructions should have been limited to the theory of the case set forth in the indictment."

The strict principle exemplified by the *Fox* and *Burris* opinions has necessarily been modified by the letter and spirit of the Rules of Criminal Procedure (effective January 1, 1963), which place more emphasis on fair notice and fair trial than upon rigid technicality. For example, an indictment may now be amended to conform to the evidence "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." RCr 6.16. And, as always, any "error, defect, irregularity or variance which does not affect substantial rights" will be disregarded as non-prejudicial and therefore harmless. RCr 9.24.

The record discloses that Robards had an examining trial and heard the evidence that was later adduced against him at the trial. He was not misled, surprised or thrown off guard except insofar as he chose to shoot the gap in reliance upon a mere technical defect of which he was fully aware. The indictment could and should have been amended at the conclusion of the testimony, but it cannot reasonably be held that a failure in that respect affected the defendant's substantial rights.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY and STEINFELD, JJ., concur.

OSBORNE, J., concurs in the result.

2. The crime of "voluntary" manslaughter by reckless and wanton conduct was abol-