Othella Harrison WASHINGTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1998–CA–000589–MR.

Court of Appeals of Kentucky.

June 11, 1999.

Discretionary Review Denied by Supreme Court Dec. 9, 1999.

Herbert T. West, Fayette County Legal Aid, Lexington, KY, for Appellant.

Albert B. Chandler, III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Frankfort, KY, for Appellee.

Before: BUCKINGHAM, COMBS, and McANULTY, Judges.

*OPINION*

BUCKINGHAM, Judge.

Othella Harrison Washington (Washington) appeals from a judgment of the Fayette Circuit Court wherein he was convicted of various criminal offenses. We affirm.

On August 18, 1996, police officers Ian Roper and Jason Bishop responded to a call in Lexington concerning a possible burglary in progress. Upon arriving at the scene, the officers observed two men crossing the street, one of whom matched the description given in the dispatch call. The officers exited their vehicles and requested identification from the two men, one of whom was Washington. Officer Roper learned from the complainant that the two men were not involved in the burglary, but the officer was advised by dispatch that there was an outstanding warrant for Washington's arrest.

When the officers advised Washington that he was under arrest and attempted to take him into custody, Washington became combative and either struck or shoved Officer Roper in the chest and knocked Officer Bishop backwards. A struggle of eight or nine minutes then ensued, and Officer Roper testified that he was knocked to the ground more than once and twice had his portable radio knocked from his hand. He also testified that Washington took his night stick from him and tried to grab his gun. The officers used pepper spray on Washington and eventually received assistance in response to their call for help over the portable radio. Washington was finally subdued and was arrested.

A Fayette County grand jury returned an indictment charging Washington with one count of third-degree assault, one count of fourth-degree assault, two counts of third-degree criminal mischief, resisting arrest, and being a second-degree persistent felony offender. The case was tried by a jury, and Washington was found guilty of third-degree assault, fourth-degree assault, and resisting arrest. He was found not guilty of the two counts of third-degree criminal mischief. Washington waived jury sentencing and received the minimum sentence of one year on the third-degree assault charge, which was enhanced to five years for his being a second-degree persistent felony offender. He was also sentenced to twelve months in jail and fined $250 for fourth-degree assault and was sentenced to twelve months in jail and fined $500 for resisting arrest. This appeal followed.

Washington's first argument is that the trial court erred by not granting his motion for a directed verdict of acquittal due to insufficient evidence to prove the elements of the assault offenses. He does not challenge his misdemeanor conviction for resisting arrest. Kentucky Revised Statute (KRS) 508.025 relates to third-degree assault and states in pertinent part: "(1) A person is guilty of assault in the third degree when the actor: (a) Recklessly, with a deadly weapon or dangerous instrument, **or intentionally causes or attempts to cause physical injury** to: 1. A state, county, city, or federal peace officer[.]" (Emphasis added.) KRS 508.030 relates to fourth-degree assault and states in pertinent part: "(1) A person is guilty of assault in the fourth degree when: (a) He **intentionally or wantonly causes physical injury to another person . . . .**" (Emphasis added.)

Washington asserts that he is a large man and argues that "if he was assaulting anyone, it is incredible that the officers received barely more than a few scratches." He contends that the minor injuries to the officers were "as easily consistent with accidental blows during the struggle rather than any intentional or wanton acts." Officer Roper testified that he had

red marks and scratches on his neck and an abrasion on his right arm and that he experienced soreness in his chest for several days following the incident. He also testified that Washington attempted to choke him by placing his hands around the officer's throat. Officer Bishop testified that he had some lacerations to his knees and elbows as a result of the altercation.

■ The standard for ruling on a motion for a directed verdict is set forth in *Commonwealth v. Benham,* Ky., 816 S.W.2d 186 (1991), as follows:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Id.* at 187. "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Id.*

■ Regarding Washington's conviction for assaulting Officer Roper, the officer's testimony that Washington struck or shoved his chest and that he experienced chest soreness for a few days thereafter, together with the officer's testimony that Washington tried to choke him, was sufficient evidence upon which the jury could reasonably determine guilt. Regarding Washington's conviction for fourth-degree assault relating to Officer Bishop, we conclude that it was reasonable for the jury to determine that his minor injuries were caused by the intentional or wanton conduct of Washington. In short, the trial court properly denied Washington's directed verdict motions on the assault charges.

■ Washington's second argument is that the trial court erred in its instruction to the jury regarding the third-degree assault charge by allowing the jury to find him guilty if it believed that he "attempted to cause" the injury to Officer Roper. Although KRS 508.025(1)(a) states in part that a person is guilty of third-degree assault when he "intentionally causes *or attempts to cause* " (emphasis added) injury to a peace officer, the indictment charging Washington with the offense alleged only that Washington intentionally caused injury and did not allege that he attempted to cause injury. Washington contends that the trial court erred in instructing the jury by allowing the Commonwealth to pursue a theory different from that set forth in the indictment. Washington cites no authority in support of his argument, and the authority cited by the Commonwealth is not applicable.

In *Burris v. Commonwealth,* 308 Ky. 145, 213 S.W.2d 1014 (1948), a case decided under the old Code of Criminal Practice, the court reversed a conviction based upon the same argument raised by Washington herein. However, in *Robards v. Commonwealth,* Ky., 419 S.W.2d 570 (1967), the court noted that *Burris* "has necessarily been modified by the letter and spirit of the Rules of Criminal Procedure[.]" *Id.* at 573. Citing RCr 6.16, the *Robards* court noted that an indictment may be amended to conform to the evidence where no additional or different offense is charged and the substantial rights of the party are not prejudiced. It also noted that the harmless error rule of RCr 9.24 was applicable to situations like this.

In a situation similar to the case sub judice, the *Robards* court held that the indictment should have been amended at the conclusion of the testimony but that the defendant "was not misled, surprised or thrown off guard except insofar as he chose to shoot the gap in reliance upon a mere technical defect of which he was fully aware" and that the defendant's substantial rights were not affected. *Id. See also*

*Commonwealth v. Day,* Ky., 599 S.W.2d 166, 169 (1980). In addition, at a preliminary hearing, Washington heard the evidence which was later presented at his trial, just as did the defendant in *Robards.* Pursuant to *Robards,* we determine that Washington's substantial rights were not affected and that his conviction for third-degree assault should not be reversed due to the variance between the indictment and the jury instructions and the failure to amend the indictment in accordance with the evidence.

The judgment of the Fayette Circuit Court is affirmed.

All concur.